114 So.2d 311 (1959)
Thomas C. FRELL, Appellant,
v.
DUMONT-FLORIDA, INC., a Florida corporation, Appellee.
No. 58-471.
District Court of Appeal of Florida. Third District.
August 27, 1959.
Rehearing Denied September 16, 1959.
*312 Allison & Robinson, Miami, for appellant.
Padgett, Teasley & Niles, Miami, for appellee.
PEARSON, Judge.
The appellant was defendant in an action on a written guaranty. He appeals from a final judgment for the plaintiff which was based upon a jury verdict. The letter of guaranty contained the following:
"You have been requested to open a line of credit not to exceed Ten Thousand Dollars ($10,000.00), in favor of: Best Appliance Sales & Service Ltd.
"You have indicated that you are unwilling to extend this line of credit to this dealer without other, and further, security of payment thereof.
"In consideration of this agreement to extend this dealer a line of credit in question, the undersigned, hereby undertakes to, and does guarantee payment of, any, and all, credit granted by you not to exceed Ten Thousand Dollars ($10,000.00), * * *."
The appellant contends first that the guaranty was, by its terms, limited to $10,000 and after that total amount had been purchased the guaranty did not cover new purchases even though the indebtedness was not as much as $10,000. This argument overlooks the ordinary meaning of "a line of credit", which is a limit of credit to cover a series of transactions. Pittinger v. Southwestern Paper Co., Tex. Civ.App. 1941, 151 S.W.2d 922.
It is further argued that the guaranty was rendered ineffective as to purchases from the plaintiff after the date that the principal-debtor changed its name and one of the partners withdrew. The trial judge *313 correctly found that the appellant as guarantor was estopped to claim this defense because the guarantor 1) participated in the change of name, 2) participated in the profits (if any) of the original debtor after the change, which business both before and after the name change was dependent upon the purchases made under the continuing guaranty, and 3) the guarantor at no time disclaimed responsibility under the guaranty until suit. See Wilson & Toomer Fertilizer Co. v. American Cyanamid Co., 5 Cir., 1929, 33 F.2d 812.
The appellant also assigns and argues certain other alleged errors. They have been considered and are found not well taken. The judgment of the trial court is therefore affirmed.
Affirmed.
HORTON, C.J., and MILLEDGE, STANLEY, Associate Judge, concur.