157 So.2d 708 (1963)
GLOBAL AERO SERVICE, INC., APPELLANT,
v.
LLOYD AEREO BOLIVIANO, S.A. ET AL., APPELLEES.
No. 63-230.
District Court of Appeal of Florida, Third District.
November 19, 1963.
Rehearing Denied December 10, 1963.
Taylor & Bergstresser and Hansford D. Tyler, Jr., Miami, for appellant.
Duke & Laufer, No. Miami, for appellees.
Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
The appellant, Global Aero Service, Inc., (hereinafter Global) was the defendant in a suit brought by the appellee, Lloyd Aereo Boliviano, S.A., et al., (hereinafter Lloyd) wherein Lloyd sought an accounting, injunction, damages and other relief.
Lloyd alleged in its complaint that Global had breached a contract which the parties had entered into whereby Global had agreed to sell certain airplane parts to Lloyd and deliver them to Ripsa Airline at Miami, Florida for shipment to South America before *709 certain dates. It is alleged that Global failed to make delivery within the time and in the manner provided for in the contract.
Global filed an answer denying the breach and a cross claim for the full amount due under the contract. Upon final hearing, the chancellor entered a final judgment in favor of Lloyd, the pertinent parts of which are:
"3. That there is now due and owing the Plaintiff from the Defendant under their agreements the sum of $5,530.58.
"4. The Defendant failed to ship the merchandise on or before May 15, 1962, thus terminating the contract.
"5. The Defendant is not entitled to recover alleged losses and profits caused by the termination of the agreement between the parties.
"WHEREFORE, it is ORDERED, ADJUDGED AND DECREED:
"(1) That the Plaintiff is granted a judgment in the sum of five thousand, five hundred thirty dollars and fifty-eight cents ($5,530.58), which said judgment is hereby entered against the Defendant, GLOBAL AERO SERVICE, INC.
"(2) That the outstanding promissory notes given by the Plaintiff to the Defendant are hereby declared null and void and of no effect whatsoever, and the Defendant is ordered forthwith to deliver all the notes to the attorney for the Plaintiff.
"(3) That the Defendant recover nothing from the Plaintiff on the Cross-Claim."
Global contends in effect that the evidence fails to support the chancellor's holding that it had breached the terms of the contract so as to entitle Lloyd to recover.
It is a well established rule of law that every judgment, order or decree of a trial court brought up for review is clothed with a presumption of correctness and that the burden is upon the appellant in all such proceedings to make error clearly appear. Odom v. Barrett, Fla. 1953, 67 So.2d 200.
We have carefully reviewed all the evidence in the light of appellant's assignments of error and point on appeal. No reversible error having been made to appear, the judgment appealed should be and hereby is affirmed.
Affirmed.