174 So.2d 38 (1965)
MIAMI NATIONAL BANK, a national banking corporation, Appellant,
v.
Rosalie A. FINK, Appellee.
No. 64-489.
District Court of Appeal of Florida. Third District.
April 20, 1965.
*39 Harrison & Kornbluh and Phyllis Shampanier, Miami, for appellant.
Simons, Simons & Simons, Miami, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
BARKDULL, Chief Judge.
This case involves the validity of an agreement of guaranty executed to secure a $175,000.00 note, with interest at 4% on one-half of the principal and 8% on the other half. The appellant filed its complaint seeking to collect upon such guaranty, which complaint was met by an answer raising, among others, the following defenses: conditional delivery; alteration without consent of the original obligation by increasing the interest rate; negligence on part of the bank in failing to secure the collateral, failure of the bank to notify the guarantor of loss of the collateral, and failure of condition upon which the guaranty was delivered, to wit: participation as a guarantor by the Small Business Administration, a Federal Agency. Thereafter, the cause was tried non-jury and resulted in a final judgment in favor of the appellee, which is brought on here for review. The appellant has preserved as its only point the sufficiency of the evidence to support the judgment for the defendant.
As an appellate court, we are required to review the evidence contained in the record on appeal in a light most favorable to the appellee [see: Food Fair Stores of Florida v. Vallarelli, Fla.App. 1958, 101 So.2d 161; Great Atlantic & Pacific Tea Co. v. Federal Detective Agency, Fla.App. 1963, 157 So.2d 148], and all reasonable inferences to be drawn therefrom, as the final judgment arrived in this court with a presumption of correctness. See: Holland v. Hall, Fla.App. 1962, 145 So.2d 552; Global Aero Service, Inc. v. Lloyd Aereo Boliviano, S.A., Fla.App. 1963, 157 So.2d 708.
Examining the record on appeal in the instant case in light of the above principles, it appears that several months prior to the execution of the note and guaranty in question a similar loan [supported by a guaranty of the appellee] was considered and attempted to be made but was not consummated because the appellant bank could not receive a guaranty of a portion of the loan from the Small Business Administration, an Agency of the Federal Government. That thereafter, following further negotiations, the note involved in the instant case was executed upon a Small Business Administration form and the guaranty was executed. Notwithstanding the use of the Small Business Administration form, the bank was unable to secure a guaranty from the Federal Agency but, nevertheless, advanced the funds to the debtor [who was not a party to this action]. That, notwithstanding the fact that the collateral loan agreement executed the same date called for the note to be secured by accounts receivable [which were already pledged to another banking institution], the appellant failed to secure this collateral of accounts receivable and, in fact, issued a $65,000.00 Cashiers Check to a principal of the debtor corporation for the purpose of releasing this collateral [held by the other banking institution] *40 which, in fact, was not done as the $65,000.00 Cashiers Check was delivered to the other banking institution in satisfaction of an unsecured obligation. Thereafter, the appellant bank and the debtor entered into negotiations, which resulted in an increase of the interest charged on the obligation from 4% on one-half of the principal to 8%, making a total interest obligation of 8% on the entire loan. At no time did the appellant bank notify the appellee that the Small Business Administration had not participated in the loan transaction. At no time did the appellant bank notify the appellee that it did not secure the accounts receivable which were to be the collateral. Likewise, it did not advise the appellee of the misappropriation of the $65,000.00 of the loan, and it did not advise the appellee of the increase in the rate of interest.
Certain of this evidence was disputed but, as above pointed out, at this posture of the cause the appellee is entitled to the benefit of all favorable evidence and inferences to be drawn therefrom. See: Food Fair Stores of Florida v. Vallarelli, supra; Great Atlantic & Pacific Tea Co. v. Federal Detective Agency, supra. We affirm the judgment under review under any or all of the following principles of law: (a) Conditional delivery of the guaranty. See: 38 C.J.S. Guaranty § 21; Sterns, Law of Suretyship (5th ed. 1951) § 2.9.
(b) Alteration in the original obligation without consent of the guarantor. See: Conn v. Boulevard National Bank of Miami, Fla.App. 1963, 148 So.2d 758; 30 Fla.Jur., Suretyship and Guaranty, § 34; 24 Am.Jur., Guaranty, § 81; 50 Am.Jur., Suretyship, § 55.
(c) Failure of the creditor bank to take due care to secure the accounts receivable, which were to be the primary collateral for the loan. See: Standard Accident Insurance Co. v. Bear, 134 Fla. 523, 184 So. 97, 127 A.L.R. 1.
(d) Failure of the bank to notify the guarantor of the misuse of the $65,000.00, the non-participation by the Small Business Administration, the non-availability of the accounts receivable as collateral, and the increase in the rate of interest. See Standard Accident Insurance Co. v. Bear, supra; 30 Fla.Jur., Suretyship and Guaranty, § 37; 38 C.J.S. Guaranty § 55; Sterns, Law of Suretyship (5th ed. 1951) § 5.7.
The appellant contends that pursuant to the provisions of the agreement of guaranty, that it had a right to increase the rate of interest without notifying the guarantor. Upon an examination of the document itself, we reject this contention. It is elementary that an agreement of guaranty is construed against the party who prepared or presented same. See: Brandon v. Pittman, 117 Fla. 678, 158 So. 443; Lindquist v. Burklew, Fla.App. 1960, 123 So.2d 261. It is further elementary that typewritten information prevails over printed matter. See: McDonald v. Connell, Fla. App. 1963, 158 So.2d 780; 17 Am.Jur.2d, Contracts, § 271; Nat Harrison Associates, Inc. v. Florida Power & Light Company, Fla.App. 1964, 162 So.2d 298. Therefore, the interest rate, as referred to in the agreement of guaranty, having been specifically typewritten as an addendum, we hold that the bank could not increase the rate of interest without the guarantor's consent, notwithstanding the printed provision of the agreement of guaranty. The bank also seeks to establish its right to increase the rate of interest without the knowledge or consent of the guarantor because of the definition of "liabilities" in the agreement which included "such note, and the interest thereon and all other sums payable * * *.". Normally, in construing contracts, a court adopts the usual and ordinary meaning of words and phrases. See: Sheldon v. Tiernan, Fla.App. 1962, 147 So.2d 167; Johnson v. Three Bays Properties #2, Inc., Fla.App. 1964, 159 So.2d 924. It is apparent that in the use of the phrase "note, * * * interest thereon and all other sums payable" an increase of interest rate could not logically follow under the latter category, because of two facts: First, *41 interest had been specifically defined and Second, the further provision in the printed form which attempted to give the bank power to increase the rate of interest. It appears to us that the phrase "other sums payable" following the use of the words "principal and interest" would relate to such things as attorneys' fees, court costs, costs of collection, etc., provided for in the note.
Therefore, for the reasons above stated, the final judgment here under review is hereby affirmed.
Affirmed.
TILLMAN PEARSON, Judge (concurring specially).
I consider the record sufficient to support a finding by the trial court that the guaranty was made by defendant, appellee, conditioned upon the participation of the Small Business Administration in the loan and that upon the appellant, Bank's, failure to perform this part of the agreement, the guaranty was unenforceable against the appellee. I therefore concur in the judgment.