OWEN, Judge.
On March IS, 1966, the J. D. Yaun Roofing Corporation (hereafter Yaun) was in *88 debted to Ahrens Materials, Inc. (hereafter Ahrens) in the sum of approximately $11,000 on an open materials account and the additional sum of approximately $2,000 on a separate equipment account. On that date Charles Rowan and Willie Whitting-ton acquired the controlling interest in Yaun and in order to be able to continue to purchase materials from Ahrens on open account, Rowan and Whittington executed the “guarantee letter” which is the principal subject of this appeal.
The letter, written on Yaun letterhead and addressed to Ahrens was signed by Charles Rowan as treasurer and Willie Whittington as vice president and secretary (the respective offices which they held in Yaun), and consisted of the following single paragraph:
“WE, Charles Rowan and Willie Whit-tington, sole owners of R & W Contractors, Inc., do as of this date, guarantee all payments which might be accrued by J. D. Yaun Roofing Corporation to your concern.”
From March 15, 1966, to August 30, 1966, Ahrens continued to furnish materials to Yaun on open account. During that five and one-half-month interval Yaun’s purchases from Ahrens were approximately $5,100, and payments on the account during the same interval were approximately $10,-900, so that as of August 30, 1966, the balance due on the open materials account had been reduced to approximately $5,200. On this latter date Rowan and Whittington gave written notice to Ahrens that they were no longer associated with Yaun, and were terminating the guarantee which they had previously signed.
Ahrens then brought suit against Yaun for the balance due on the open materials account in the sum of approximately $5,200 and for the balance due on the separate equipment account in the sum of $2,000, the complaint naming R & W Contractors, Inc., and Rowan and Whittington, individually, as defendants by virtue of the “guarantee letter”. The court granted a motion to dismiss as to Rowan and Whit-tington, individually, but denied such motion as to R & W Contractors, Inc. At the conclusion of the nonjury trial against Yaun as the principal debtor and R & W Contractors, Inc. as the obligor on the “guarantee letter”, judgment was rendered against Yaun for the total of all sums due Ahrens, and against R & W Contractors, Inc. for approximately $5,100 as the amount of purchases made between the date of the “guarantee letter” and the termination of such guarantee. Ahrens appeals contending that the court erred in dismissing Rowan and Whittington, individually, and in finding that the guarantee letter extended only to purchases occurring after March 15, 1966, and in further finding that the guarantee letter applied only to the open materials account and not to the equipment account as well. R & W Contractors, Inc. cross-appeals on the grounds that the judgment against it is contrary to the evidence.
The so-called “guarantee letter” was clearly ambiguous in a number of respects. The evidence was conflicting as to whether it was intended to be a personal guarantee on the part of Rowan and Whit-tington, individually, or a guarantee on the part of R & W Contractors, Inc., or whether the letter was signed solely with intention that it bind J. D. Yaun Roofing Corporation to pay its own debts. There was conflicting evidence as to whether the parties intended the guarantee to apply not only to future purchases but also to the balance then due on the open materials account and the equipment account, or whether it was intended to apply only to future purchases made on the open materials account. These conflicting factual issues were resolved by the trial court, as trier of fact, by a determination that R & W Contractors, Inc. was the guarantor and that the guarantee of payment was to apply only to materials purchased on open account subsequent to March 15, 1966. There being substantial competent evidence in *89 the record to support these findings they will not be disturbed.
The judgment in favor of Ahrens against Yaun is not questioned on this appeal and is affirmed. However, the judgment in favor of Ahrens against R & W Contractors, Inc. as guarantor is contrary to the evidence and must be reversed.
The guarantee upon which R & W Contractors, Inc. had liability as a guarantor applied only to purchases on the open materials account made subsequent to March IS, 1966, the amount of which was approximately $5,100. During that period of time and while the “guarantee letter” was in effect, Yaun actually paid to Ahrens to apply on the open materials account, the sum of approximately $10,900, or $5,800 in excess of purchases made during the same interval. Notwithstanding the fact that Yaun did not expressly designate to Ahrens that such payments were to be applied first against purchases made subsequent to March 15, 1966, Ahrens was obligated as a matter of equity to have such payments applied to discharge the debt which R & W Contractors, Inc. had guaranteed. Standard Accident Insurance Co. v. Bear, 1938, 134 Fla. 523, 184 So. 97, 127 A.L.R. 1; Consolidated Naval Stores Co. v. Wilson, 1921, 82 Fla. 396, 90 So. 461, 21 A.L.R. 681; 40 Am.Jur., Payments, § 148.
Since that portion of the debt for which the guarantor had liability had been discharged, R & W Contractors, Inc. was entitled to judgment in its favor on the claim made against it as guarantor. Any liability which Rowan and Whittington, individually, would have had as guarantors would likewise have been discharged, so that the question of whether the court properly dismissed them as parties defendant is rendered moot.
That portion of the judgment in favor of Ahrens against R & W Contractors, Inc. is reversed and upon remand an appropriate judgment will be entered in favor of R & W Contractors, Inc. That portion of the judgment in favor of Ahrens against Yaun is affirmed.
Affirmed, in part; reversed, in part.
McCAIN, J., concurs.
CROSS, C. J., dissents, with opinion.