334 So.2d 273 (1976)
Claude DORSY et al., Appellants,
v.
MARYLAND NATIONAL BANK, a National Banking Corporation, Appellee.
No. 76-70.
District Court of Appeal of Florida, Third District.
May 4, 1976.
Rehearing Denied July 6, 1976.
Bridges & Dorsy, Coral Gables, for appellants.
Frank, Strelkow & Gay, Miami Beach, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
*274 PER CURIAM.
Defendants seek reversal of an order dismissing with prejudice their amended counterclaim in this action on a contract of guaranty.
On August 14, 1973, plaintiff, Maryland National Bank, extended credit to Concorde Yachts, Inc. on the basis of personal guarantees executed by the defendants. The extension of credit was secured by a first lien on all inventories, accounts and contracts receivable existing or thereafter acquired. In April 1975 plaintiff filed against the defendant guarantors the present action seeking $431,767.78, the sum for which Concorde Yachts allegedly is indebted to the plaintiff and which it has failed to pay. Defendants filed a counterclaim and an amended counterclaim for damages which in essence contended that in 1974 plaintiff took control of Concorde Yachts, Inc. (for the benefit of itself and not Concorde Yachts) leading to the financial failure of Concorde Yachts. The amended counterclaim further alleged that plaintiff seized possession of the inventories, accounts and contracts and improperly conducted a sale of the inventory resulting in a substantial loss causing insufficient funds to pay the obligations due plaintiff. Plaintiff filed a motion to dismiss the counterclaim on the ground that the guarantors by virtue of law have no actionable claim. The motion was granted and defendants appeal the order of dismissal. We reverse.
The guarantor and the creditor are parties to the contract of guaranty and consequently any rights of the guarantor as against the creditor are determined in the first instance by the terms of the guaranty contract. Beyond these rights, however, the law imposes on the creditor an obligation not to deal with the debtor or any security for the debt in such a manner as to harm the interest of the guarantor. 38 Am.Jur.2d Guaranty § 126 (1968). Reviewing defendants' counterclaim in light of the above principle of law, we conclude it states a cause of action against the plaintiff. Accordingly, the order of dismissal is reversed and the cause remanded to the trial court for further proceedings not inconsistent herewith.
Reversed and remanded.