COBB, Judge.
Florida Fruit & Vegetable Association Self-Insurers Fund (Fund) filed a complaint against Rolling Meadows Ranch, Inc. (Ranch) on May 14, 1980, seeking damages for failure to pay worker’s compensation coverage premiums.[1] In a non-jury trial, the lower court granted Ranch’s motion for an involuntary dismissal made at the close of Fund’s case in chief. Fund appeals from the adverse final judgment thereafter entered. The issue is whether the lower court erred by granting Ranch’s motion; we hold it did and reverse.
To prevail against a defendant’s motion for involuntary dismissal, a plaintiff must have established a prima facie case. Tillman v. Baskin, 260 So.2d 509 (Fla.1972). Ranch argues that the only evidence of an express offer and acceptance presented to the lower court was a written document, which it claims is an unenforceable contract because of its indefiniteness as to obligation and price. In the order granting Ranch’s motion for involuntary dismissal, the lower court concluded that the written agreement between the parties was too indefinite to be an enforceable contract. The document indicated Ranch’s acceptance into the Fund and its agreement to pay premiums. Admittedly, the term “premium” was not specifically defined in the written agreement. However, the record reveals, inter alia, testimony presented by Fund that a Ranch executive received information regarding the method of determining premiums; that Ranch made some premium payments; and that Ranch employees submitted claims, which claims were paid.
The lower court should have looked beyond the document to the conduct of the parties for an interpretation of the term “premium.” The Florida Supreme Court discussed this principle of contract interpretation in Blackhawk Heating & Plumbing Co., Inc. v. Data Lease Financial Corp., 302 So.2d 404, 407 (Fla.1974), wherein it quoted from Shouse v. Doane, 39 Fla. 95, 21 So. 807, 810 (Fla.1897):
Where the terms of a written agreement are in any respect doubtful or uncertain, or if the contract contains no provisions on a given point or if it fails to define with certainty the duties of the parties with respect to a particular matter or in a given emergency, and the parties to it have by their own conduct, placed a construction upon it which is reasonable, such construction will be adopted by the court, upon the principle that it is the duty of the court to give effect to the intention of the parties where it is not wholly at variance with the correct legal interpretation of the terms of the contract.
The court then stated:
The courts should be extremely hesitant to hold a contract void for indefiniteness, particularly when one party has performed under the contract and allowed the other party to obtain the benefit of his performance.
302 So.2d at 408.
Applying these principles of contract interpretation to the instant case, we conclude that Fund presented sufficient evidence to give meaning to the apparent ambiguity of the term “premium” in the written agreement so as to establish a prima facie showing of an enforceable contract. Accordingly, we reverse the lower court’s order granting Ranch’s motion for involuntary dismissal and remand this case for further proceedings.
REVERSED and REMANDED.
SHARP, J., and SMITH, C. McFERRIN, Associate Judge, concur.

. Ranch owns and operates a citrus and ranching business. Fund is an association qualified as a self-insurers group under Chapter 440, Florida Statutes (1981).