434 So.2d 943 (1983)
W. Robert MANN, E.N. "Bill" Fay, Jr., and Mann and Fay, Chartered, Appellants/Cross-Appellees,
v.
L. Floyd PRICE, Appellee/Cross-Appellant.
Nos. 82-1304, 82-1471.
District Court of Appeal of Florida, Second District.
May 4, 1983.
Rehearing Denied July 19, 1983.
*944 Peter J. Winders of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellants/cross-appellees.
David A. Maney of Maney & Damsker, Tampa, for appellee/cross-appellant.
CAMPBELL, Judge.
Robert Mann began practicing law in 1951. In 1966, L. Floyd Price joined Mann, and the two later formed a partnership. In 1970, Bill Fay joined the firm, and the men then formed a professional association.
The bylaws of Mann, Fay and Price, Chartered, provided for a vested interest in certain fees in the event of the death of a shareholder or in the event a shareholder became "incompetent or in any other way [became] unauthorized to engage in the general practice of law in the State of Florida." The bylaws also addressed the procedure to be followed for the sale or transfer of the stock of the corporation by providing that the corporation had the first, and the remaining individual shareholders the second, option to purchase the capital stock.
In January, 1977, Price withdrew from the firm and claimed that he was entitled to a percentage of his work in progress due him up to the time of his departure. Mann and Fay disagreed, saying that as a resigning shareholder, Price had no interest in any work in progress. Price refused to surrender his stock and then filed suit against his old firm. The circuit court found for Price, holding that the parties had an implicit understanding that a resigning shareholder would be entitled to a percentage of work in progress through the date of departure. The law firm appealed, and Price cross-appealed the dismissal of one count of his complaint as well as the final judgment on a counterclaim filed by the law firm.
Where there is substantial competent evidence to support the findings of the trier of fact, an appellate court cannot disturb those findings. Cape Development Co. v. City of Cocoa Beach, 192 So.2d 766 (Fla. 1966); Mitchell v. Gillespie, 164 So.2d 867 (Fla. 1st DCA 1964). The trial judge here found that the parties had informally agreed that if a shareholder resigned from the firm, he would be entitled to a percentage of his work in progress and that that percentage would extend up to the time of the shareholder's departure. A review of the record in this case reveals evidence sufficient to sustain that finding. The work of the firm was ongoing, and the income came into the firm over time. There were cases that the firm had finished working on that had not yet been billed.
The bylaws of the corporation required that salaries be set. However, this was done only retroactively at the end of each year and primarily for purposes of compliance with the Internal Revenue Code and its accompanying regulations.
In fact, every month the P.A. paid expenses which could include amounts for work in progress, saved a certain amount back for later expenses, and then paid out what was left over to the attorneys in proportion to their stock ownership. The stock ownership was apparently based on what the men expected to draw. This is evident because when Fay and Price wanted to increase their draws, they went to Mann and bought some points from him.
This pattern of conduct over time supports the trial court's conclusion that a resigning shareholder of their firm would be entitled to a percentage of all work in progress up to the date of resignation.
This interpretation is logical and is consistent with the principles of contract interpretation expressed in Blackhawk Heating & Plumbing Co. v. Data Lease Financial Corp., 302 So.2d 404 (Fla. 1974), and Florida Fruit & Vegetable Self-Insurers Fund v. Rolling Meadow Ranch, Inc., 424 So.2d 195 (Fla. 5th DCA 1983), and Shouse v. Doane, 39 Fla. 95, 21 So. 807 (1897), where the court stated:
Where the terms of a written agreement are in any respect doubtful or uncertain, or if the contract contains no provisions on a given point, or if it fails to define with certainty the duties of the parties *945 with respect to a particular matter, or in a given emergency, and the parties to it have, by their own conduct, placed a construction upon it which is reasonable, such construction will be adopted by the court, upon the principle that it is the duty of the court to give effect to the intention of the parties where it is not wholly at variance with the correct legal interpretation of the terms of the contract.
39 Fla. at 104, 21 So. at 810 (emphasis added).
Thus, the trial court correctly examined the conduct of the parties in reaching its conclusion, and that conclusion being supported by substantial competent evidence, we accordingly affirm.
Appellants have raised other points in this appeal, and appellee has filed a cross-appeal, all of which we consider to be without merit. One of appellants' points, however, deserves brief comment. They argue that the trial court erred in finding individual liability against appellants Mann and Fay. We find no such error. There is support in the record to sustain the trial court on the basis that there existed no relationship between Mann, Fay and Price, Chartered, the P.A., and Messrs. Mann, Fay and Price, individually, that did not arise through the mutual promises and covenants of the individuals among themselves. The rights between the P.A. and its members that result from the mutual promises of the individuals and the P.A. are so inextricably woven as to be inseparable. Cf., Rosenberg v. North American Biologicals, Inc., 413 So.2d 435 (Fla. 3d DCA 1982).
AFFIRMED.
GRIMES, A.C.J., and LEHAN, J., concur.