447 So.2d 377 (1984)
Herman EIG, Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA, Appellee.
No. 83-54.
District Court of Appeal of Florida, Third District.
March 13, 1984.
*378 K. Neil Glassford, South Miami, for appellant.
Thomas, Kraft & Raab and Theodore M. Kraft, Miami, for appellee.
Before HENDRY, BARKDULL and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Appellant Herman Eig, president of The Travel Counselor, Inc., appeals from a final judgment of the trial court finding him personally liable for the costs of indemnifying appellee insurance company which had to pay on a surety bond issued in the name of The Travel Counselor, Inc. when the corporation defaulted on payments for airline tickets. We reverse.
The undisputed facts are that Mr. Eig left Miami for an extended period of time to travel to New York to be with his daughter's family during his son-in-law's fatal illness. He testified that he returned to Miami each month to make certain that his travel agency business was being properly operated in his absence. However, in January and February, 1979, a number of things went wrong. One employee extended large grants of credit which were not repaid. Cash receipts were not properly credited to the corporation's bank account. Blank tickets for air transportation were removed from the travel agency by persons unknown. As a result, when bills were presented for payment on the issued airline tickets, the corporation did not have sufficient funds to pay the claims. Appellee insurance company paid $10,000, the full amount of the surety bond, as partial reimbursement to the creditors. There is an outstanding judgment against the corporation, now insolvent, for the balance of the money due.
Appellee filed the instant suit against Mr. Eig individually, alleging in its complaint that he had signed a personal indemnification agreement promising to be personally liable on the bond in the event that the corporation defaulted and the surety had to pay. However, appellee has not *379 been able to locate this alleged signed agreement. All appellee has introduced is an earlier personal indemnification agreement signed in 1972 for a surety bond issued to The Travel Counselor as a proprietorship in New York State. Appellee introduced the deposition of an employee who testified, pursuant to section 90.406, Florida Statutes (1981), that appellee's routine practice was to require that both a corporate and a personal indemnification agreement be signed when a surety bond was issued to a corporation.
Where there is substantial competent evidence to support the findings of the trier of fact, an appellate court cannot disturb those findings. Mann v. Price, 434 So.2d 943 (Fla. 2d DCA 1983). However, if the trial court's decision is manifestly against the weight of the evidence or is contrary to the legal effect of the evidence, it becomes the duty of the appellate court to reverse such a decision. Hull v. Miami Shores Village, 435 So.2d 868 (Fla. 3d DCA 1983). We find there is no competent substantial evidence to support the trial court's finding that appellant signed a personal indemnification agreement as a portion of the application for a surety bond to be issued in the name of the corporation. The only testimony on this issue came from appellee's employee who said that it was the routine practice of the company to require such an agreement. This was deposition testimony; answers were given over the objections of opposing counsel. Thus, the trial court had no opportunity to judge the demeanor of credibility of appellee's witness. More importantly, the deponent was not employed by appellee at the time appellant applied for the surety bond. No other evidence was introduced to show that in similar cases both a corporate and a personal indemnity were required. While it is no longer necessary that a party claiming routine practice offer evidence that the routine practice was followed in the particular instance at issue, Lumbermens Mutual Casualty Co. v. Alvarez, 443 So.2d 279 (Fla. 3d DCA 1983); section 90.406, Florida Statutes (1981), the party does have to prove by competent evidence what its routine practice is. That is what is lacking here. Appellee's witness could not say what the routine practice was in 1978 or 1979 because he had not yet started his employment with the company at that time. Therefore, there was no evidentiary basis for the trial court's ruling that appellant signed a personal indemnity agreement.
As an alternative basis for its ruling, the trial court found that appellant's negligence in not leaving a responsible person in charge of the travel agency during his absence should make appellant personally liable for the loss. This ruling is clearly erroneous. In AMC/Jeep of Vero Beach, Inc. v. Funston, 403 So.2d 602 (Fla. 4th DCA 1981), the court stated:
In Florida, personal liability can only be imposed upon a corporate officer who has signed a contract in his personal capacity or who has used the corporate entity for fraudulent purposes or where the corporation was merely the alter ego of the shareholders.
Id. at 605. In the case at bar there are no allegations or proof that the corporate form was a mere device or sham to accomplish some ulterior purpose. There are no allegations or proof that the corporation was organized or used to mislead creditors or to perpetuate a fraud upon them or to evade existing personal liability. There are no allegations or proof that the nature of the relationship between appellant and the corporation was so completely personalized that proof of actual fraud is unnecessary in order to hold him personally liable for indemnification of the surety. See Vantage View, Inc. v. Bali East Development Corp., 421 So.2d 728 (Fla. 4th DCA 1982) and cases cited therein. This is not a case involving tortious acts of a corporate officer resulting in personal injuries whereby the law will hold such a corporate officer personally liable for his actions. Orlovsky v. Solid Surf, Inc., 405 So.2d 1363 (Fla. 4th DCA 1981). In short, we conclude that there is no legal basis for "piercing the corporate veil" and the trial court's ruling *380 to the contrary was erroneous as a matter of law.
Reversed.