PER CURIAM.
The surety of a used auto sales corporation appeals from a trial court order granting with prejudice the defendant’s motion to dismiss the surety’s complaint for indemnification. For the reasons which follow we reverse and remand for further proceedings.
As a condition to obtaining a statutorily required surety bond pursuant to section 320.27(10), Florida Statutes (1973), Jerry Webster and his wife, Bernette, entered into an indemnification agreement dated June 7,1975, with the surety, Balboa Insurance Co. The surety bond was issued on June 10, 1975, and a continuation certificate was issued on January 1, 1976. On January 13, 1976, at the request of the Websters, the surety issued an endorsement amending the name of the principal on the surety bond from Jerry Webster, d/b/a Florida City Auto Sales, to Florida City Auto Sales, Inc.
Balboa defended an action brought by a third party based upon dealings between the third party and Florida City Auto Sales, Inc. The Websters refused to defend or to participate or cooperate in the defense of *993 that action. Balboa, as surety for Florida City Auto Sales, Inc., expended $6,300 in the payment of claims, attorney’s fees, costs and expenses. Balboa then filed its complaint against the Websters in the instant case based upon the indemnity agreement.
In its complaint Balboa alleged that the issuance of the surety bond was “in express reliance upon the undertakings assumed by the defendants in the indemnification agreement.”
The indemnification agreement attached to the complaint provided:
IN CONSIDERATION OF THE EXECUTION OF THIS BOND BY BALBOA INSURANCE COMPANY (HEREINAFTER CALLED SURETY) THE UNDERSIGNED APPLICANT HEREBY AGREES:
[[Image here]]
5. That this agreement shall apply to all renewals, continuations, substitutions and extensions of the suretyship herein applied for. [Emphasis added.]
The trial court granted the Websters’ motion to dismiss the complaint with prejudice.
In ruling on a motion to dismiss all allegations in the complaint must be accepted as true, with the fundamental question being whether a cause of action would be established by proving such allegations, Copeland v. Celotex Corp., 447 So.2d 908 (Fla. 3d DCA 1984), and the cases cited therein. In Frell v. Dumont-Florida, Inc., 114 So.2d 311 (Fla. 3d DCA 1959), the principal debtor of a written guaranty was estopped from claiming as a defense that its name had been changed subsequent to entering into the guaranty. Among the reasons for this estoppel were that the principal had participated in the name change and “at no time disclaimed responsibility under the guaranty until the suit,” id. at 313. In the instant case, considering Frell and the above-quoted “substitution” provision of the indemnification agreement, Balboa has alleged sufficient ultimate facts showing it to be entitled to relief to be allowed an opportunity to prove the truth of those allegations.[1] See Copeland; Fla.R.Civ.P. 1.110(b).
Reversed and remanded for further proceedings.

. Alternatively, we believe that Balboa has sufficiently stated a cause of action against the Websters under the "personal liability of a corporate officer” test contained in Eig v. Insurance Co. of North America, 447 So.2d 377 (Fla. 3d DCA 1984). See AMC Jeep of Vero Beach, Inc. v. Funston, 403 So.2d 602 (Fla. 4th DCA 1981).