**In the Matter of Armando GONZALEZ, Debtor.**

**Bankruptcy No. 83–2006.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 19, 1985.

Albert I. Gordon, Tampa, Fla., for FDIC.

Russell S. Bogue, III, Tampa, Fla., for debtor.

**ORDER ON OBJECTION TO CLAIM OF THE FEDERAL DEPOSIT INSURANCE CORPORATION**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is an Objection to

the claim of the Federal Deposit Insurance Corporation (FDIC), the successor in interest to Metropolitan Bank (the Bank). The Objection is filed by Armando Gonzalez, the Debtor involved in the above-captioned Chapter 11 case. The parties, through their respective counsel, stipulated to the operative facts necessary for a resolution of this dispute which are as follows:

On February 11, 1984, the Debtor executed a "limited guarantee" whereby he guaranteed $1.5 million of a $2.7 million loan made to Charter Executive Center, Ltd. (Charter) by the Bank. Charter is a limited partnership and the Debtor, as president of the general partner of Charter, executed the loan documents on behalf of Charter. The loan balance was to accrue interest at two points over prime with a 21% cap and 18% minimum.

On several occasions, the Bank sent payment notices to Charter which reflected an interest rate in excess of 21%. It is the Debtor's position that the Bank, by raising the interest rate fixed by the loan documents above 21%, effectively modified the underlying primary obligation and thus discharged the obligation of the Debtor based on his guarantee.

In support of his claim, the Debtor relies on the case of *Miami National Bank v. Fink*, 174 So.2d 38 (Fla. 3d DCA 1965). In *Fink*, a loan made by Miami National Bank in the amount of $175,000 was to accrue interest at a rate of 4% on one-half the principal balance and 8% on the remaining one-half. When the primary obligor could not repay the loan, Miami National Bank agreed to a modification of the obligation which included increasing the interest rate on the debt to 8%, the guarantor of the obligation received no notice of the modification. The Court held that such a modification, without the surety's consent, discharged the surety from any obligation.

In the case at hand, Charter never agreed to a modification of the loan terms and it is clear that the Bank is not entitled to more than 21% interest. The Bank agrees with this conclusion and claims that the notices Charter received which reflect an interest rate higher than 21% were due to computer error only are not binding and do not amount to a modification of the underlying $2.7 million loan terms.

 The general rule as stated in 74 Am.Jur.2d *Suretyship*, Sec. 41 is that a modification of an underlying obligation does not serve to discharge a surety unless the modification is participated in and agreed to by the primary obligor. In the case at hand, a modification was neither proposed by the Bank nor agreed to by Charter. The *Fink* case is, therefore, distinguishable on its facts and inapplicable to the present case. There having been no modification of the loan terms, this Court finds no basis to relieve the Debtor of his obligation as a guarantor. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to the Claim of the Federal Deposit Insurance Corporation filed by the Debtor be, and the same hereby is, overruled and the claim of the Federal Deposit Insurance Corporation be, and the same hereby is, allowed as filed.