PER CURIAM.
This is an appeal by defendant Capital Bank from an adverse declaratory judgment which discharged the plaintiffs H. Stuart Engar and Marlene D. Engar from a continuing guarantee on a corporate debt owed to Capital Bank. We affirm the declaratory judgment under review upon a holding that Capital Bank’s subsequent restructuring of the guaranteed corporate debt [without the consent of the plaintiff guarantors and after they had revoked the guarantee as to any new debts pursuant to the terms of the guarantee] so that any payments on the restructured debt would first have to be applied to and satisfy a new personal debt of one of the corporate principals before being applied to the guaranteed corporate debt, materially altered the principal debtor’s obligation to the detriment of the subject guarantors — and, accordingly, the guarantors were released from the continuing guarantee. Contrary to Capital Bank’s argument, the terms of the continuing guarantee did not permit [particularly after the guarantors’ revocation] the aforesaid restructuring of the original guaranteed debt so as to place any payments on the guaranteed debt behind payments on the personal indebtedness of one of the corporate principals. Causeway Lumber Co. v. King, 502 So.2d 80, 81 (Fla. 4th DCA 1987); Warner v. Caldwell, 354 So.2d 91, 96 (Fla. 3d DCA 1977), cert. denied, 361 So.2d 836 (Fla.1978); Dorsy v. Maryland Nat’l Bank, 334 So.2d 273, 274 (Fla. 3d DCA 1976); Ahrens Materials, Inc. v. J.D. Yaun Roofing Corp., 227 So.2d 87 (Fla. 4th DCA 1969); Miami Nat’l Bank v. Fink, 174 So.2d 38, 40 (Fla. 3d DCA), cert. denied, 180 So.2d 658 (Fla.1965);
Affirmed.