PER CURIAM.
This is an appeal by the plaintiff Paper Corporation of America d/b/a Saxon Paper-Florida [Saxon] and a cross appeal by the defendant Helen Sandow [Sandow] from a final judgment entered partially in favor of the plaintiff Saxon in a suit to recover on an individual guarantee of a corporate account. We reverse on the main appeal and affirm on the cross appeal based on the following briefly stated legal analysis.
First, we conclude that the defendant Sandow individually guaranteed the corporate account of Continental Graphics, Inc. [Continental] (now bankrupt) by signing Continental’s application for credit with the plaintiff on Continental’s purchases of paper from the plaintiff — which by the terms of the credit application made her, as “the undersigned,” individually liable for “all debts incurred by the applicant [Continental] pursuant to this Application for Credit.” [Credit Application, p. 2]. She *76 signed the subject application: “Helen San-dow Continental Graphic, Inc.,” which, under established Florida law, made her individually liable on the credit application. Ross Oil Corp. v. Foshee, 517 So.2d 713 (Fla. 5th DCA 1987), rev. denied, 528 So.2d 1181 (Fla.1988); Roy v. Davidson Equip., Inc., 423 So.2d 496 (Fla. 4th DCA 1982); Sabin v. Lowe’s of Florida, Inc., 404 So.2d 772 (Fla. 5th DCA 1981); § 673.403(2)(b), Fla.Stat. (1987). This being so, the defendant’s cross appeal has no merit and the contentions contained in it are rejected.
Second, we conclude that the defendant Helen Sandow is liable for the entire debt of $41,901.16 incurred by Continental under the subject credit application, rather than the $1,500 debt limit which the trial court imposed below. Under the terms of the credit application, Sandow was liable for “all debts” incurred by Continental pursuant to the subject application — not just $1,500 of such debts. The trial court relied on two central facts to reach its contrary conclusion, to wit: (1) the credit application states that Continental’s “[estimated [purchases” of paper from the plaintiff would be “minimal,” and (2) a handwritten notation appears above this entry reading “OK CL $1,500, 12/18/80,” which, according to parol evidence received, means a credit limit of $1,500 was subsequently approved by the plaintiff for Continental on December 18, 1980. These facts do not, in our view, serve to limit the defendant’s liability to a “minimal” amount or to “$1,500,” the amount of credit initially allowed; they simply indicate that Continental anticipated “minimal” purchases of paper from the plaintiff (an erroneous anticipation as it turned out), and that the credit line extended for $1,500 was an initial credit line, not a maximum credit line. Subsequently, as another handwritten notation on the application indicates, this limit was increased so that Continental incurred $41,901.16 in total debts under the credit application. The defendant was liable under the terms of the application for “all [such] debts” — not just the $1,500 initially extended. See Causeway Lumber Co. v. King, 502 So.2d 80 (Fla. 4th DCA 1987); Brann v. Flagship Bank of Pinellas, N.A., 450 So.2d 237, 239 (Fla. 2d DCA 1984); Fidelity Nat’l Bank of South Miami v. Melo, 366 So.2d 1218 (Fla. 3d DCA 1979); cf. Woodruff v. Exchange Nat’l Bank of Tampa, 392 So.2d 285 (Fla. 2d DCA 1980) (guaranty limiting guarantor’s liability); Frell v. Dumont-Florida, Inc., 114 So.2d 311 (Fla. 3d DCA 1959) (same).
The final judgment under review is reversed, along with the order awarding attorney’s fees and costs, and the cause is remanded to the trial court with directions to enter: (1) a final judgment in favor of the plaintiff Saxon in the amount of $41,-901.16 [minus any set-offs or credits which may be due to the defendant Sandow] plus prejudgment interest, and (2) an award of attorney’s fees and costs in favor of the plaintiff Saxon, taking into consideration the increased judgment for the said plaintiff.
Reversed and remanded.