ALLEN, Judge.
Appellant, Terry W. Chandler, guarantor on a promissory note made by appellant, Equity Title, Inc., appeals from a judgment entered against him personally as guarantor. Chandler contends that he was released from his guaranty when the note was extended under terms materially altering the principal’s original obligation. While we agree that the extensions materially altered the principal’s obligation, we find that the evidence presented below provided a sufficient basis for the trial court to find that Chandler consented to the terms in the note extensions. Accordingly, we affirm the final judgment in favor of appellee, First National Bank & Trust, the payee on the note.
In September of 1983, Chandler, the president and sole stockholder of Equity Title, Inc., secured a loan from First National Bank & Trust to finance the purchase of a motor vehicle by the corporation. The note provided for payment of interest at 11% and repayment in full in January of 1984. The maker of the note was the corporation, and Chandler obligated the corporation by signing as its president. Chandler also signed personally as guarantor of the note. The guaranty provided, in part, as follows:
For value received and in consideration of the ... loan ... made by or upon the within note ... which the. undersigned requested, the undersigned ... hereby (a) unconditionally guarantees to the payee hereof ... that all sums stated therein to be payable thereunder (principal, interest, charges, and reasonable attorney’s fees incurred in collecting this Note) shall be promptly paid in full when due, ... and in case of extension of time of payment in whole or in part, all said sums shall be promptly paid when due according to such extension or extensions at maturity by acceleration or otherwise, (b) consents that from time to time without notice to the undersigned payment of any of said sums may be extended in whole or in part by indulgence, by renewal note or notes or otherwise ....
When the note had not been paid in March of 1984, Chandler requested the bank to extend the note, whereupon a note extension was granted. Under the terms of the extension, the interest rate on the obligation was increased from 11% to 13.5%, and the final payment was to be made in March of 1985. Chandler signed as president of the corporation but was not asked to execute a new guaranty.
The loan was not paid by March of 1985. Consequently, Chandler requested another *1184 extension, which was granted upon essentially the same terms as had been provided in the first extension, with final payment to be made in March of 1986. Chandler again signed as president of the corporation, and again, no new guaranty was requested.
March of 1986 arrived, and the loan had still not been paid. Chandler requested yet another one-year extension, which was again granted. The terms were again similar to those provided in the earlier extensions, but this extension provided for interest at the rate of 18%, should the loan remain unpaid after March of 1987. Chandler again signed as president of Equity Title, Inc., and again, he was not asked to sign a new guaranty.
In April of 1987, the appellee bank sued Chandler and the corporation for the balance owing on the loan. Chandler defended by asserting that the terms of the extensions materially altered the corporation’s original obligation and, therefore, had the effect of releasing him from his undertaking as guarantor. The trial court disagreed and entered judgment against the corporation and Chandler.
On appeal, Chandler again argues that the modified terms of the extensions, particularly the increase in the interest rate, amounted to a material alteration of the obligation of his principal, Equity Title, Inc. Chandler is correct in his assertion that the generally accepted rule is that a guarantor will be released from his undertaking by a material alteration, made without his consent, of the original obligation or duty to which the guaranty relates, provided such alternation takes place before his liability is finally settled. Hollywood Shopping Plaza, Inc. v. Schuyler, 179 So.2d 573 (Fla. 2d DCA 1965), cert. denied, 188 So.2d 315 (Fla.1966); Gato v. Warrington, 37 Fla. 542, 19 So. 883 (1896); and 38 C.J.S. Guaranty § 72. He also correctly contends that a substantial increase in interest has been recognized as a material alteration for purposes of the rule. Miami Nat’l Bank v. Fink, 174 So.2d 38 (Fla. 3d DCA 1965), cert. denied, 180 So.2d 658 (Fla.1965).
Chandler contends that Fink is controlling. In that ease, the debtor-principal entered into an agreement with the payee bank increasing the interest rate and otherwise materially altering the terms of a loan previously guaranteed by Fink. The court held that such material alterations, made without the knowledge or consent of the guarantor, had the effect of releasing the guarantor.
Both the general rule and the holding in Fink are specifically subject to the condition that a material alteration of the principal’s obligation operates to release the guarantor only where it is made without his consent. Because we find there was a sufficient evidentiary basis below for a finding that Chandler consented to the alteration, we find Fink to be factually distinguishable.
Here, unlike the situation in Fink, the guaranty specifically recited that it would apply to loan extensions, and it committed the guarantor to payment “according to such extension or extensions.” While the language of this guaranty was not as broad as the language in cases such as Fidelity Nat’l Bank of South Miami v. Melo, 366 So.2d 1218 (Fla. 3d DCA 1979) and Fewox v. Tallahassee Bank & Trust Co., 249 So.2d 55 (Fla. 1st DCA 1971), cert. denied, 252 So.2d 799 (Fla.1971), it nevertheless evidenced an understanding between the parties that Chandler would be responsible for extensions of the note. Though it might well be argued that the language of the guaranty, standing alone, was insufficient to apply Chandler’s guaranty to extensions containing materially altered terms, we need not address that issue, because the subsequent course of dealing between the parties indicated that Chandler knew of and consented to the terms set forth in the extensions.
The evidence presented at trial revealed that it was Chandler himself who requested each extension and negotiated the terms thereof, and it was Chandler who signed each extension as president of the debtor corporation. A bank officer testified at trial that Chandler was not requested to sign a new guaranty in connection with *1185 each extension, because he had already signed a guaranty which made him personally liable for note extensions. Further, Chandler testified that there were no representations made by the bank that it had released him from his obligations under the guaranty, and he provided no testimony that he had renounced his obligations under the guaranty while securing extensions of the note. These circumstances are completely distinguishable from the circumstances in Fink, where the guarantor neither consented to the altered terms, nor even knew that the principal’s obligation had been altered. Under the facts of this case, the trial court had ample evidentiary basis to find that Chandler had consented to the alteration of the terms of the original obligation and, having so consented, that his guaranty remained in effect. See Frell v. Dumont-Florida, Inc., 114 So.2d 311 (Fla. 3d DCA 1959).
Accordingly, the final judgment is affirmed.
ZEHMER and MINER, JJ., concur.