PER CURIAM.
Boneh, Inc., appeals from a final judgment entered in favor of a personal guarantor. We affirm.
Boneh, Inc., a subcontractor, is a drywall installer that contracted to install drywall in a series of homes; G-Site was the general contractor. Thomas Daley was the president of G-Site’s corporate general partner. In January, 1995, G-Site executed a promissory note in favor of Boneh; the note was personally guaranteed by Thomas Daley. Boneh filed a claim of lien on the project three months later, in April, 1995.
On April 12, 1995, Boneh and Construction Consultants of Aventura, the successor general contractor, executed a letter agreement that reduced the price of the drywall subcontract to $57,500.00 to be paid in twelve monthly installments. Pursuant to that letter agreement, Boneh waived, released, and relinquished any liens it had against the project. Boneh agreed to this relinquishment of liens and the reduced price in order to secure the continuation of its construction contract on the site with the successor general contractor. No new guarantee was executed; the guarantor, Thomas F. Daley, did not consent to the new agreement. However, Boneh reserved its ability to refile a claim of lien in the event of nonpayment. Despite the new general contractor’s failure to pay, Boneh did not refile its lien.[1]
Boneh sued Daley, as personal guarantor, for failure to pay under the promissory note that G-Sites, the original general contractor, signed. Daley had signed the note as president of G-Site; the total amount claimed was $167,768.00. The complaint was amended to allege an action on a personal guarantee by Daley. Following a bench trial, the court entered final judgment for Daley, the guarantor. Boneh appeals.
We affirm, as the personal guarantor was released from any continuing liability once Boneh had entered into a new agreement with the successor general contractor, and had failed to protect the collateral by refiling a claim of hen. “Failure to properly preserve the collateral justifies a release of the guarantor to the extent that he was damaged by the loss of the collateral.” Baitcher v. National Indus. Bank of Miami, 368 So.2d 439 (Fla. 3d DCA 1979). See also Capital Bank v. Engar, 545 So.2d 317 (Fla. 3d DCA 1989) (holding that where bank had restructured corporate debt without the consent of the guarantor, to the detriment of the guarantor, the guarantor was released from the guarantee); Dorsy v. Maryland Nat’l Bank, 334 So.2d 273, 274 (Fla. 3d DCA 1976) (holding that “the law imposes on the creditor an obligation not to deal with the debtor or any security for the debt in such a manner as to harm the interest of the guarantor.”); compare with Dunser v. Southeast First Nat’l Bank of Miami 367 So.2d 1094, 1096 (Fla. 3d DCA 1979) (holding that “under an absolute and unconditional contract of guaranty ... it is no defense that the creditor has lost security or has been negligent in regard to the protection of the collateral.”)[2]
*544 In this case, Boneh, in order to remain on the project under the successor general contractor, waived and relinquished all hens it had on the property. Boneh’s failure to refile its lien once the successor contractor defaulted impaired the collateral to the guarantor’s detriment. The underlying agreement was altered and the hens were relinquished without the guarantor’s consent. The guarantor did not waive the maker’s duty to preserve the collateral. Boneh lost its hen against the property, thus failing to protect the collateral, and releasing the guarantor.[3]
AFFIRMED.

. The original general contractor, G-Sites, filed for bankruptcy. In the bankruptcy action, G-Site disputed Boneh's claim.

. We disagree with the trial court that there is an intradistrict conflict between Dunser and Baitcher. The terms of the underlying guarantees in each case were completely different, *544 and were dispositive of the guarantor's continuing liability.

. We do not mean to suggest that the subcontractor had any statutory duty to refile the lien; its failure to do so, however, breached its duty to the guarantor.