367 So.2d 1094 (1979)
Annegret von DUNSER, Appellant,
v.
SOUTHEAST FIRST NATIONAL BANK OF MIAMI, an Association Organized under the Laws of the United States, Appellee.
No. 78-616.
District Court of Appeal of Florida, Third District.
February 27, 1979.
*1095 Kenny, Nachwalter & Seymour and James J. Kenny, Miami, for appellant.
Friedman, Britton, Cohen, Kaufman, Zinkow, Benson & Schantz and John L. Britton, Miami, for appellee.
Before HENDRY and HUBBART, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
HENDRY, Judge.
Appellant, Annegret von Dunser, seeks review of the order of summary final judgment in favor of Southeast First National Bank of Miami, the plaintiff in the lower tribunal. The bank had sued appellant's estranged husband, as the maker, and the appellant, as the guarantor, on two promissory notes executed in June, 1976 and June, 1977, respectively, seeking a sum certain, plus interest, costs and attorney's fees. Dr. von Dunser, the maker of the notes, who had left Dade County and resides in Zurich, Switzerland, was constructively served with process but did not answer or respond, therefore, a default was entered against the maker. No appeal has been taken from that order.
The appellant/guarantor did respond with an answer, containing an admission of execution of a guaranty; denial that the guaranty was executed for consideration; as well as raising affirmative defenses which included, inter alia, unjustifiable impairment of collateral by the bank. The cause progressed with discovery procedures, and, ultimately, the trial court ruled in favor of the appellee and granted its motion for summary judgment against the guarantor.
On appeal, Mrs. von Dunser contends that the summary final judgment should be reversed on the grounds that: (1) the promise of the guarantor was not supported by consideration, and (2) that the creditor/bank failed to deal with the debtor and the security in such a manner as to guard against "impairment of collateral." We cannot agree.
We conclude that appellant's first point is without merit since the law is clear that where the promise of a guarantor is shown to have been given as part of a transaction that included the creation of the guaranteed obligation, the consideration supporting the obligation will also support the contract of guaranty. Jones v. McConnon & Co., 100 Fla. 1158, 130 So. 760 (1930); Brandon v. Pittman, 117 Fla. 678, 158 So. 443 (1935); Anderson v. Trade Winds Enterprises Corp., 241 So.2d 174 (Fla. 4th DCA 1970), cert. denied, 244 So.2d 432 (Fla. 1971).
The second point: to wit, that the bank has caused impairment of collateral, is an inadequate defense; by the express and unambiguous terms of the contract of guaranty *1096 appellant waived any duty on the part of the bank with respect to collateral held. The contract of guaranty provides in pertinent part:
"Guarantors further consent to the bank exchanging, surrendering, repledging or otherwise dealing with the aforesaid items without impairing this Guaranty and hereby waive notice thereof to or obtaining the consent therefor of the Guarantors. Guarantors hereby consent to the partial or total release of Borrower or other persons primarily or secondarily liable . .. No act of omission of any kind by the Bank shall affect or impair this guaranty and the Bank shall have no duties to Guarantors. Guarantors hereby agree that their obligations hereunder shall be absolute and primary and shall be complete and binding as to each Guarantor upon this guaranty being executed by him and subject to no conditions precedent or otherwise ... Guarantors agree to pay any deficiency remaining after the Bank realizes on any security (whether furnished by Borrower, Guarantor or a third party) but the Bank shall not be required to first proceed against any such security."
Such contractual waivers of "duties" or "requirements" have been consistently upheld by the courts. Bryant v. Food Machinery and Chemical Corporation Niagara Chemical & Division, 130 So.2d 132 (Fla. 3d DCA 1961) and Anderson v. Trade Winds Enterprises Corp., supra. Also see, Fidelity National Bank of South Miami v. Melo, 366 So.2d 1218 (Fla. 3d DCA 1979).
Finally, a most persuasive argument against reversal in the instant cause is the well-established principle that under an absolute and unconditional contract of guaranty, as is the subject matter of this appeal, it is no defense that the creditor has lost security or has been negligent in regard to protection of the collateral. Fegley v. Jennings, 44 Fla. 203, 32 So. 873 (1902) and A & T Motors, Inc. v. Roemelmeyer, 158 So.2d 567 (Fla. 3d DCA 1964).
Accordingly, as no genuine issues of material fact were left unresolved, and as it affirmatively appears that appellee was entitled to judgment as a matter of law, the summary final judgment entered by the trial judge for appellee is hereby affirmed.
Affirmed.