CAMPBELL, Acting Chief Judge.
Appellant appeals entry of a summary judgment for appellee in appellee’s action against appellant as a guarantor of payment of a promissory note. We reverse.
In September 1983, appellee, as seller, entered into an asset purchase agreement involving a sale of assets to the buyer, Jacksonville Monthly. In connection with the sale, Jacksonville Monthly executed a $280,000 promissory note payable to appel-lee, together with a purchase money security interest in the assets as security for the note. The asset purchase agreement contained an express provision that “[t]he promissory note shall be secured pursuant to a security agreement granting a security interest in the Assets.” Appellant signed a personal guarantee on the face of the note which provided as follows:
The undersigned, jointly and severally, hereby irrevocably, absolutely and unconditionally guarantee the full and prompt payment of this promissory note. The undersigned hereby acknowledge that this is a guaranty of payment and not of collection and expressly waive any right to require that resort be had to any security or to require any action be brought against the maker.
Appellee failed to file a financing statement to perfect its security interest in the assets until October 1984, over a year later. Because of appellee’s failure to promptly perfect its security interest, a prior creditor of Jacksonville Monthly, holding a security containing an after-acquired collateral provision, acquired a superior lien position to appellee in regard to the assets. That prior creditor subsequently foreclosed its lien on the assets which caused appellee’s security interest to be extinguished and its promissory note to be unsecured.
Appellee thereafter brought its action against appellant as guarantor of the promissory note. Appellant defended on the basis that since the loss of the security was appellee’s fault and done without the consent of appellant, it would be inequitable to thereby increase appellant’s ultimate exposure by denying him a right of recourse to the security. Appellant’s argument is premised on the fact that when he is required to make payment as a result of his guarantee, he would then be entitled to assume appellee’s secured position in regard to the note. Appellee counters that since the guarantee was for payment and not collection, and specifically provided that any right to require resort be had to any security or to require any action be brought against the maker was waived, appellant had no right to complain about the loss of security. While we agree that appellee was entitled to proceed directly against appellant without resort to the security or the maker, we cannot agree that that right relieved appellee of its obligation to protect the security for the benefit of appellant.
Appellee relies upon Dunser v. Southeast First National Bank of Miami, 367 So.2d 1094 (Fla. 3d DCA 1979) and its holding that it is a “well-established principle that under an absolute and unconditional contract of guaranty, as is the subject matter of this appeal, it is no defense that the creditor has lost security or has been negligent in regard to protection of the collateral. Fegley v. Jennings, 44 Fla. 203, 32 So. 873 (1902) and A & T Motors, Inc. v. Roemelmeyer, 158 So.2d 567 (Fla. 3d DCA 1964).”
Dunser is distinguishable even if it is still sound law for the principle cited. It is unclear whether the contract of guaranty in Dunser was a separate instrument, but it is clear that its terms were far broader than the terms of the guaranty here. The Dunser guaranty specifically provided that the guarantors consented to the “surrendering” of the security without impairing the guaranty and that “[n]o act of omission of any kind by the Bank shall affect or impair this guaranty....”
A & T Motors, Inc. v. Roemelmeyer, upon which Dunser relies, did involve a separate contract of guaranty. Both A & T Motors and Fegley v. Jennings, also relied upon by Dunser, predated the adoption, in 1965, of section 673.606, Florida Statutes (1983). Section 673.606 controls *83 our decision in this case. That section specifically provides that the holder of an instrument “discharges any party to the instrument to the extent that without such party’s consent the holder ... [unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse.” (Emphasis supplied.) That is precisely the case before us. The guaranty in this case was on the face of the note and an integral part of it. Thus, appellant was a party to the instrument here in question.
The summary judgment for appellee entered below is reversed and this cause remanded for further proceedings to determine the extent that appellant’s position would have been secured had he had the benefit of recourse to the lost collateral. Section 673.606 requires that he should be discharged to the extent of that loss. See Weiner v. American Petrofina Marketing, Inc., 482 So.2d 1362 (Fla.1986).
FRANK and HALL, JJ., concur.