STONE, Judge.
We affirm a summary final judgment for the plaintiff in the foreclosure of two mortgages on the appellants’ house. Although there may be issues of fact as to some matters addressed by appellants, the essential points are reflected in the agreed statement of the parties or are considered most favorably to appellants.
The first mortgage to Barnett Bank represented a personal loan by the Udells. The other mortgage served as collateral, together with other business and personal assets, for a loan to the Udells’ business, National Pharmacy, Inc.
The corporation filed for bankruptcy protection under chapter XI of the Bankruptcy Code. Mr. Udell retained control as the debtor in possession. Shortly thereafter, Barnett sought relief from the bankruptcy stay order so that it could foreclose the defaulted debts.
The Udells opposed Barnett’s request for relief from the stay. There was also a dispute between Barnett and another creditor as to the priority of Barnett’s lien. The bankruptcy court entered an order permitting the debtor to make “adequate protection payments” in lieu of releasing Barnett from the stay, but only a few payments were made. In time, two out of the Udells’ three drug stores were closed.
A year after the bankruptcy commenced, the court appointed an independent trustee. The trustee determined not to replace depleting inventory and took other restrictive acts, while at the same time trying to sell the business. The Udells advised Barnett that the trustee’s mismanagement was diminishing the value of the business. A buyer was found, and Udell, who had been kept on as a pharmacist, was fired. A sales contract was signed for $250,000 with a 10% deposit. The court approved the sale. Barnett, which had again sought relief from the stay, agreed at a hearing to wait for the closing. Meanwhile, both the bank and the Udells’ attorney advised the court and the court trustee’s office about the Udells’ charges, primarily that the trustee was recklessly depleting the inventory. At this point appellants owed Barnett approximately $133,000.00 on the business loan and $220,000.00 on the personal loan. When the sale fell through, Barnett was released from the stay, but by that time the inventory was reduced to a fraction of what appellants claim it was worth when the trustee took over. It is undisputed that the notes are in default.
Appellants contend that Barnett had a duty to minimize their potential loss by preventing the trustee’s mismanagement and by securing an earlier release of its collateral from the bankruptcy stay. See Dorsy v. Maryland Nat'l Bank, 334 So.2d 273 (Fla. 3d DCA 1976); Cleeveley v. Florida City Magazines, Inc., 486 So.2d 81 (Fla. 2d DCA 1986); U.C.C., 673.606, Fla. Stat. (1966). However, we consider these cases to be inapposite. Dorsy involved a mismanagement dispute with a creditor that had actually taken control of a business. In Cleeveley, the security was lost when the creditor failed to record a financing statement, thereby allowing a subsequent creditor to obtain the security. There, the court held that a guarantor was discharged to the extent of the impaired collateral.
Nevertheless, there is no cited authority imposing a duty on a creditor to preserve assets that are not in its possession or control and with respect to which the creditor has perfected its security interest. There is no showing here that Barnett had either the right or the duty to supervise the trustee’s decisions, or that it was obliged to guaranty the competence of the independent bankruptcy trustee. Additionally, here the appellants, who had equal access to the court, initiated the bankruptcy. It is *626 undisputed that Barnett conveyed the Udells’ concerns to the court. It is not contended that the trustee was controlled by Barnett. Rather, the entire proceedings were under the direction and control of the bankruptcy court. See Peacock v. Farmers and Merchant Bank, 454 So.2d 730 (Fla. 1st DCA 1984); J.E. Joyner, Inc. v. Ettlinger, 382 So.2d 27 (Fla. 1st DCA 1979). To accede to appellants’ claims under these circumstances would require a secured creditor to interfere with the lawful actions of an independent court trustee over whom it has no control and to cooperate with a bankruptcy court at its own risk.
We also note that Barnett asserts that provisions in the guaranty constitute a waiver of any claim against the secured creditor for depletion of collateral. See Von Dunser v. Southeast First Nat. Bank of Miami, 367 So.2d 1094 (Fla. 3d DCA 1979). We do not resolve whether the waiver language is more analogous to that in Von Dunser, as appellee contends, or to that in Cleeveley, as appellants contend, because the question of whether this waiver language should be broadly or strictly construed is not necessary to the resolution of this appeal.
Therefore, the judgment is affirmed.
DOWNEY and ANSTEAD, JJ., concur.