781 So.2d 392 (2000)
TROPICAL JEWELERS, INC., Saul Waksman, Eve Rose Ozeil, Szmul Waksman and Yuda Ozeil, Appellants,
v.
NATIONSBANK, N.A. (SOUTH), a national banking association as successor in interest by merger to Intercontinental Bank, N.A., Appellee.
No. 3D99-119.
District Court of Appeal of Florida, Third District.
December 27, 2000.
Geller, Geller, Beskin, Shienvold, Fisher & Garfinkel and Peggy Fisher (Hollywood); Richard J. Burton, Aventura, for appellants.
Liebler, Gonzalez & Portuondo, P.A. and Juan A. Gonzalez, Miami, for appellee.
Before SCHWARTZ, C.J., and JORGENSON, COPE, LEVY, GERSTEN, GODERICH, GREEN, FLETCHER, SHEVIN, SORONDO, and RAMIREZ, JJ.

On Rehearing En Banc
COPE, J.
The main question before us is whether a guarantor is a "debtor" for purposes of Article 9 of the Uniform Commercial Code ("UCC"). We adhere to the overwhelming majority rule that a guarantor is a "debtor" for Article 9 purposes. Under Article 9, a debtor is entitled to insist that the disposition of collateral after a default be made in a commercially reasonable manner, and this UCC protection cannot be waived by a debtor. It follows that the purported waivers of commercial reasonableness *393 in the personal guarantees in this case are a nullity, and this case must be remanded for further proceedings.

I.
Tropical Jewelers, Inc. obtained business loans from Intercontinental Bank, N.A., which has since merged into Nationsbank, N.A. The loans were secured by Tropical's inventory, furniture, fixtures, equipment and accounts receivable. The individual appellants executed personal guarantees of the business loans.
In the guarantees, the guarantors waived any rights they might have under the UCC, including the commercial reasonableness of any sale or disposition of collateral by the bank in the event of a default by Tropical. There was no such waiver in the promissory notes executed by Tropical.
After default by Tropical, the Bank sued Tropical and the guarantors. The Bank obtained Tropical's collateral and liquidated it. By affirmative defense and counterclaim, Tropical and the guarantors asserted that the Bank had failed to dispose of the collateral in a commercially reasonable way.
The Bank moved for summary judgment. Tropical and the guarantors supported their defense of commercial unreasonableness by affidavit. The Bank contended that the affidavit was insufficient and that, in any event, by signing the personal guarantees the guarantors had waived any defense regarding the commercial reasonableness of disposition of collateral.
The trial court entered summary judgment against Tropical and the individual guarantors jointly and severally for $314,718.89, and this appeal follows.

II.
We first consider whether the summary judgment should have been entered with respect to the borrower, Tropical Jewelers.
Under Article 9 of the UCC, upon a debtor's default, a secured creditor is obligated to dispose of the collateral securing the debt in a commercially reasonable manner. See § 679.504(3), Fla.Stat. (1995)[1]; see also Sorrels v. Rebecca's Ice Cream, Inc., 696 So.2d 1313, 1314 (Fla. 2d DCA 1997). Indeed, the right to commercially reasonable disposition of repossessed property cannot be waived by the debtor. See § 679.501(3)(b), Fla.Stat. (1995)[2]; Barnett Bank of Tallahassee v. Campbell, 402 So.2d 12, 13 (Fla. 1st DCA 1981).
The Bank acknowledges these principles, and agrees that the borrower, Tropical, qualifies as a "debtor" for Article 9 purposes. The Bank made no argument that Tropical had waived the right to a commercially reasonable disposition of collateral.
*394 With respect to Tropical, therefore, the only question is whether there was a disputed issue of material fact regarding the commercial reasonableness of the disposition of Tropical's collateral. The panel which originally heard this appeal unanimously concluded that Tropical's affidavit showed the existence of disputed factual questions, and reversed the judgment as to Tropical for that reason. We adhere to the panel's position on that point.

III.
We turn now to the individual guarantors. They present a different legal issue because the guarantees in this case contain language waiving the guarantors' "right to object to the commercial reasonableness of any sale or disposition of collateral."[3] The guarantors argue that this waiver is invalid under the anti-waiver provision of the UCC, § 679.504(3), Fla.Stat., and we agree.

A.
As already stated, a secured creditor must dispose of collateral in a commercially reasonable manner, and this requirement of the UCC cannot be waived by the debtor. See §§ 679.501(3)(b), 679.504(3), Fla. Stat. (1995). The question is whether a guarantor is a "debtor" for Article 9 purposes. The answer is yes.
Article 9 defines "debtor" in part as "the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral ...." § 679.105(1)(d), Fla. Stat. (1995) (emphasis added).[4] Certainly a guarantor is a person who owes "payment or other performance," id., and this court has already said that the UCC definition of debtor includes guarantors. See Adler v. Key Fin. Servs., Inc., 553 So.2d 284, 285 (Fla. 3d DCA 1989). The First and Fourth Districts have likewise held that a guarantor is a debtor for purposes of this part of the UCC. See Motorola Communications and Elecs., Inc. v. Nat'l Patient Aids, 427 So.2d 1042, 1044 (Fla. 4th DCA 1983); Barnett Bank v. Campbell, 402 So.2d 12, 14 (Fla. 1st DCA 1981); Barnett v. Barnett Bank, 345 So.2d 804, 805-06 (Fla. 1st DCA 1977); Hepworth v. Orlando Bank & Trust Co., 323 So.2d 41, 42 (Fla. 4th DCA 1975). And on the exact issue before us, the First District has concluded, as we do, that the anti-waiver provision of subsection 679.501(3), Florida Statutes, protects guarantors. See Barnett v. Barnett Bank, 345 So.2d at 805-06; Barnett Bank v. Campbell, 402 So.2d at 14.[5]
*395 It is suggested, however, that this interpretation of Article 9 is defeated by the second sentence of the definition of "debtor," which states:
Where the debtor and the owner of the collateral are not the same person, the term "debtor" means the owner of the collateral in any provision of the chapter dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires[.]
§ 679.105(1)(d), Fla.Stat. (1995) (emphasis added).
It is argued that under this second sentence of the definition, one can only be a "debtor" if he or she is the owner of the collateral. That is not so. The first sentence of the definition states that a "debtor" is "the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral...." Id. (emphasis added). By the plain words of the first sentence of the definition, a person can be a "debtor" even though he or she does not own the collateral. The second sentence of the definition is aimed at a problem not now before us: where a borrower takes out a loan and a third person puts up the collateral. See § 679.105 comment 2, reprinted in 19C Fla.Stat.Ann. 179 (1990) (UCC § 9-105 comment 2); Gambo v. Bank of Maryland, 102 Md.App. 166, 648 A.2d 1105, 1109 (1994).
In any event, the second sentence of the "debtor" definition provides that a "debtor" includes "the obligor in any provision dealing with the obligation ...." § 679.105(1)(d), Fla. Stat. (1995). For these purposes, a guarantor is properly viewed as a secondary obligor, and qualifies as a debtor under the definition. See American Seaway Foods. Inc. v. Belden S. Assocs. Ltd. Partnership, 72 Ohio St.3d 514, 651 N.E.2d 941, 944 (1995); Gambo v. Bank of Maryland, 648 A.2d at 1109 (Md. App.1994); Shawmut Worcester County Bank, N.A. v. Miller, 398 Mass. 273, 496 N.E.2d 625, 628 (1986); Zions First Nat'l Bank v. Hurst, 570 P.2d 1031, 1033 & n. 5 (Utah 1977); see also Black's Law Dictionary 1103 (7th ed.1999) (defining "secondary obligation").
The Bank argues that this court upheld a guarantor's waiver of commercial reasonableness in Von Dunser v. Southeast First Nat'l Bank of Miami, 367 So.2d 1094 (Fla. 3d DCA 1979). The court there said that "under an absolute and unconditional contract of guaranty ... it is no defense that the creditor has lost security or has been negligent in regard to protection of the collateral. Fegley v. Jennings, 44 Fla. 203, 32 So. 873 (1902) and A & T Motors, Inc. v. Roemelmeyer, 158 So.2d 567 (Fla. 3d DCA 1963)." 367 So.2d at 1096. The Von Dunser case has no application here. It nowhere mentions the UCC and the cases it cites are pre-UCC cases. As there is no indication that any UCC issue was raised, the Von Dunser decision is properly viewed as a common-law, non-UCC case.

B.
Practical considerations likewise lead to the conclusion that a guarantor is a debtor. When a bank refuses to make a loan unless there is a personal guarantee, the bank in reality is looking to the guarantor for repayment, and the guarantor is in a real sense the "debtor."
Nor is it persuasive to say, as the Bank does, that there should be one measure of damages for the borrower and a different measure for the guarantors. Consider the following hypothetical example:
*396 Parent guarantees car loan for child. The guarantee contains a waiver of the requirement of commercial reasonableness of disposition of collateral.
Child defaults and bank repossesses the car. If disposed of in a commercially reasonable manner, the car is worth $10,000. For simplicity, assume the loan balance is also $10,000.
Bank president decides to sell car to bank president's relative for $1,000.
In the hypothetical example, sale of a $10,000 car for $1,000 is not commercially reasonable. Under the UCC, the bank would not be allowed to sue the borrower child for the $9,000 deficiency.[6] Since a commercially reasonable disposition of the collateral would have yielded $10,000, and the loan balance was $10,000, it follows that the borrower child owes the bank nothing. See § 679.507, Fla. Stat.; Weiner v. American Petrofina Mktg., Inc., 482 So.2d 1362, 1364 (Fla.1986).
Logically the same analysis should apply to the guarantor parent in the hypothetical example. It would make no sense to say that the bank may recover the $9,000 deficiency from the guarantor parent, even though the bank cannot recover the $9,000 deficiency from the borrower child.
Indeed, the present case offers an even more extreme example. Tropical and the guarantors contend that the Bank threw away valuable collateral. The Bank denies that this happened, but explained to the trial court that even if it had, under the waiver in the personal guarantees, the guarantors would be entitled to no relief. The Bank stated, "We throw out the gold and platinum. We dispose of the collateral totally improperly. I'm not saying we did. I am saying [so] just for the sake of argument.... You know what, we left the window open. Thieves came in and stole the collateral. You waived it."
We reject that argument. The Bank itself acknowledges that it must act in a commercially reasonable manner with regard to the borrower, Tropical, and that as a matter of law, Tropical cannot waive the requirement that collateral be disposed of in a commercially reasonable manner. It makes no sense to say that if the Bank breaches its statutory duty, Tropical can complain but the guarantors cannot. Both must be treated equally.
"[I]t would be odd indeed if the Code allowed a creditor to avoid the protections established for debtors merely by taking the readily available step of forcing the debtor's principals to sign personal guarantees." Bank of China v. Chan, 937 F.2d 780, 786 (2d Cir.1991).
Another court has said:
[T]he unconditional guarantor is in a very real sense the debtor. When the probability of deficiency looms after default, the guarantor is the real target of the secured party. It is simply inequitable, therefore, to permit the secured party, who fixes the amount of the guarantor's liability in the first step of the collection effort by repossession and sale, to deny in the face of this economic reality that the guarantor is in fact its debtor. At that point, the guarantor is the only debtor. Furthermore, where the debtor and guarantor are in essence the same entity ... it is equally unjust to allow a creditor to evade the Code duties by merely insisting on a guaranty.
Gambo v. Bank or Maryland, 648 A.2d at 1109 (quoting Ford Motor Credit Co. v. Lototsky, 549 F.Supp. 996, 1004 (E.D.Pa. 1982)); see also Ford Motor Credit Co. v. Thompson Mach., Inc., 649 A.2d 19, 22-23 *397 (Me.1994); May v. Women's Bank, 807 P.2d 1145, 1157-49, 1151 (Colo.1991).
The policy of the UCC is well put in one of the UCC comments:
In the area of rights after default our legal system has traditionally looked with suspicion on agreements designed to cut down the debtor's rights and free the secured party of his duties: no mortgage clause has ever been allowed to clog the equity of redemption. The default situation offers great scope for overreaching; the suspicious attitude of the courts has been grounded in common sense.
Ford Motor Credit Co. v. Lototsky, 549 F.Supp. at 1001 (quoting UCC § 9-501 comment 4) (citation omitted).[7]

C.
Finally, we rule as we do in order to maintain uniformity with the other states.
One of the purposes of the UCC is "[t]o make uniform the law among the various jurisdictions." § 671.102(2)(c), Fla. Stat. (1995); see Mason v. Avdoyan, 299 So.2d 603, 606-07 (Fla. 4th DCA 1974).
Writing about a predecessor to the UCC, the Florida Supreme Court said, "An act like the Uniform Negotiable Instruments Law ... should receive a uniform interpretation and construction in all of the states where it prevails if the beneficial purpose of having a uniform law on the subject is to be subserved." Valentine v. Hayes, 102 Fla. 157, 160, 135 So. 538, 540 (1931).
In the overwhelming majority of states that have considered the issue, the courts have ruled that a guarantor is a "debtor" for Article 9 purposes. Our count of jurisdictions is:
Guarantor is debtor 36 States[8]
Guarantor is not debtor 3 States
Unclear States (North Carolina,
 2 Rhode Island)
No reported decision 9 States
See Appendix 1; see also Gambo, 648 A.2d at 1108, 1110-13; Thompson Machine, 649 A.2d at 22; May, 807 P.2d at 1148.
It has been argued in this proceeding that the majority of federal courts go the other way. While there was a spate of federal decisions that initially so held, most of those decisions are no longer good law. See Appendix 2.
Interpretation of the UCC is a matter of state law, not federal law. In a number of jurisdictions, the UCC issue arose for the first time in federal court. In the absence of state precedent on the point, a federal court is required to determine how it believes the courts of that state would rule when presented with the issue. See 19 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Civil § 4507, at 200 (1996).
Later, when the state courts of those same states finally reached the issue, the state courts held that a guarantor is a debtor. See Appendix 2. Since the UCC issue is a matter of state law, the later state decisions are authoritative-not the earlier federal decisions.
Since the guarantors' waivers of the requirement of commercial reasonableness were invalid, the summary judgment must be reversed with respect to the individual guarantors.

*398 IV.
Tropical and the guarantors argue that the trial court abused its discretion in refusing to grant a continuance of the summary judgment hearing. Since we are reversing the summary judgment on the merits, we need not address the continuance issue.
Tropical and the guarantors argue that the Bank's affidavit setting forth the calculation of the outstanding indebtedness was not stated to be on personal knowledge and did not demonstrate how the calculations were arrived at. We need not reach these claims because the effect of our ruling is to reverse the summary judgment and remand for a trial on damages.[9]

V.
For the reasons stated, the summary judgment is reversed and the cause remanded for a trial on damages.
Reversed and remanded for further proceedings consistent herewith.
JORGENSON, LEVY, GODERICH, FLETCHER, SHEVIN, SORONDO, and RAMIREZ, JJ., concur.
 APPENDIX 1
 A. Controlling State Court Decisions
-------------------------------------------------------------------------------------------------------------------------------
State Guarantor is a Debtor and/or Guarantor is NOT a Debtor and/
 Pre-Default Waiver is Invalid.[10] or Waiver is Valid.[11]
--------------------------------------------------------------------------------------------------------------------------------
Alabama Prescott v. Thompson Tractor Co.,
 Inc., 495 So.2d 513 (Ala.1986).
Arkansas Hallmark Cards, Inc. v. Peevy, 293
 Ark. 594, 739 S.W.2d 691 (Ark.
 1987).
California American Nat'l Bank v. Perma-Tile Rutan v. Summit Sports, Inc., 173
 Roof Co., 200 Cal.App.3d 889, Cal.App.3d 965, 219 Cal.Rptr. 381,
 246 Cal.Rptr. 381 (Cal. 5th Dist. 385-6 (Cal.3d Dist.1985).
 1988).
 C.I.T. Corp. v. Anwright Corp., 191
 Cal.App.3d 1420, 237 Cal.Rptr.
 108 (Cal.2d Dist.1987)
 Connolly v. Bank of Sonoma City,
 184 Cal.App.3d 1119, 229 Cal.
 Rptr.396 (Cal. 1st Dist.1986)
 Canadian Commercial Bank v.
 Ascher Findley Co., 229 Cal.
 App.3d 1139, 280 Cal.Rptr. 521,
 (Ca.App. 2 Dist.1991).
Colorado May v. Women's Bank, 807 P.2d
 1145 (Colo.1991).
Connecticut Connecticut Nat'l Bank v. Douglas,
 221 Conn. 530, 606 A.2d 684
 (Conn.1992) (Waiver upheld, but
*399
 did not discuss whether guarantor
 is debtor).
Florida Barnett Bank of Tallahassee v.
 Campbell, 402 So.2d 12 (Fla. 1st
 DCA 1981).
 Adler v. Key Fin. Servs., Inc., 553
 So.2d 284 (Fla. 3rd DCA 1989).
 Hepworth v. Orlando Bank & Trust
 Co., 323 So.2d 41 (Fla. 4th DCA
 1975).
 City Federal Savings Bank v.
 Florida Eastern Dev. & Management
 Corp., 536 So.2d 1057 (Fla.
 4th DCA 1988).
 Barnett v. Barnett Bank of Jacksonville,
 N.A., 345 So.2d 804 (Fla.
 1st DCA 1977).
Georgia Branan v. Equico Lessors, Inc., 255
 Ga. 718, 342 S.E.2d 671 (Ga.1986).
Hawaii Liberty Bank v. Honolulu Providoring
 Inc., 65 Haw. 273, 650
 P.2d 576 (Haw.1982).
Idaho CIT Fin. Servs. v. Herb's Indoor
 RV Center Inc., 108 Idaho 820,
 702 P.2d 858 (Idaho Ct.App.1985)
 (Guarantor is entitled to raise defense
 that sale was commercially
 unreasonable; does not address
 whether guarantor is debtor).
Illinois Watseka First Nat'l. Bank, 135
 Ill.2d 140, 142 Ill.Dec. 184, 552
 N.E.2d 775 (Ill.1990).
Indiana McEntire v. Indiana Nat'l Bank,
 471 N.E.2d 1216 (Ind.Ct.App.
 1984).
Iowa United States v. Jensen, 418
 N.W.2d 65 (Iowa 1988).
Maine Ford Motor Credit Co. v. Thompson
 Mach., Inc., 649 A.2d 19 (Me.
 1994).
Maryland Gambo v. Bank of Maryland, 102
 Md.App. 166, 648 A.2d 1105 (Md.
 Ct.Spec.App.1994).
Massachusetts Shawmut Worcester County Bank,
 N.A. v. Miller, 398 Mass. 273, 496
 N.E.2d 625 (Mass.1986).
Michigan Estate of Blueston v. Gen. Elect.
 Credit Corp., 121 Mich.App. 659,
 329 N.W.2d 446 (Mich.Ct.App.
 1982).
Minnesota Chemlease Worldwide Inc. v. Brace
 Inc., 338 N.W.2d 428 (Minn.1983).
Missouri Cherry Manor, Inc. v. American
 Health Care, Inc., 797 S.W.2d 817
 (Mo.Ct.App.1990).
*400
Montana Westmont Tractor Co. v. Continental
 I, Inc., 224 Mont. 516, 731
 P.2d 327 (Mont.1986) (Pre-default
 waiver is invalid; did not address
 whether debtor is guarantor).
Nebraska Transmerica Commercial Fin.
 Corp. v. Rochford, 244 Neb. 802,
 509 N.W.2d 214 (Neb.1993).
New Jersey Caterpillar Fin. Servs. Corp. v.
 Wells, 278 N.J.Super. 481, 651
 A.2d 507 (N.J.Super. Ct. Law
 Div.1995).
 T & W Ice Cream, Inc. v. Carriage
 Barn, Inc., 107 N.J.Super. 328,
 258 A.2d 162 (N.J Super Ct. Law
 Div.1969).[12]See also Tri-Continental Leasing
 Corp. v. Cicerchia, 664 F.Supp.
 635 (D.Mass.1987) (Predicting
 that New Jersey Supreme Court
 will adopt majority view that
 guarantor is a debtor).
New Mexico American Bank of Commerce v.
 Covolo, 88 N.M. 405, 540 P.2d
 1294 (N.M.1975).
New York Marine Midland Bank, N.A. v. First City Div. of Chase Lincoln
 Kristin Int'l Ltd., 141 A.D.2d 259, First Bank, N.A. v. Vitale, 123
 534 N.Y.S.2d 612 (N.Y.Sup.Ct. A.D.2d 207, 510 N.Y.S.2d 766
 App.Div. 4th Dept.1988). (N.Y. Sup.Ct.App. Div. 3rd Dept.
 1987).
 Marine Midland Bank v. CMR
 Indus., Inc., 159 A.D.2d 94, 559
 N.Y.S.2d 892 (N.Y.Sup.Ct.App.
 Div.2d Dept.1990).
North Carolina Gregory Poole Equip. Co. v. Murray, But see Borg-Warner Acceptance
 105 N.C.App. 642, 414 S.E.2d Corp. v. Johnston, 97 N.C.App.
 563 (N.C.App.1992). 575, 389 S.E.2d 429 (N.C.App.
 1990) (Guarantor may waive commercial
 reasonableness; does not
 discuss whether guarantor is
 debtor).
North Dakota Dakota Bank & Trust Co., Fargo v.
 Grinde, 422 N.W.2d 813 (N.D.
 1988).
Ohio American Seaway Foods, Inc. v.
 Belden S. Assocs. Ltd. Partnership,
 72 Ohio St.3d 514, 651
 N.E.2d 941 (Ohio 1995).
Oregon Ferrous Financial Servs. Co. v.
 Wagon, 70 Or.App. 285, 689 P.2d
 974 (Or.Ct.App.1984) ("Plaintiffs
 concede that guarantors are
 `debtors' under the statutory definition
 but argue that [the guarantors]
 are not entitled to damages
 because they have suffered no
 `loss.' We agree.").
*401
Pennsylvania Reuter v. Citizens & Northern
 Bank, 410 Pa.Super. 199, 599
 A.2d 673 (Pa.Super.Ct.1991).
Rhode Island Rhode Island Hosp. Trust Nat'l But see id. at 303 n. 4 (Suggesting
 Bank v. National Health Found., that waiver in guarantee might be
 119 R.I. 823, 384 A.2d 301 (R.I. given effect).
 1978) (Guarantor's defense that
 sale of collateral was commercially
 unreasonable was barred by
 judicial approval of sale. Doesn't
 address whether guarantor is
 debtor).
South Carolina Crane v. Citicorp Nat'l Servs., Inc.,
 313 S.C. 70, 437 S.E.2d 50 (S.C.
 1993).
South Dakota Wang v. Wang, 440 N.W.2d 740
 (S.D.1989).
Texas Hernandez v. Bexar County Nat'l
 Bank, 710 S.W.2d 684 (Tex.Ct.
 App.), aff'd, 716 S.W.2d 938, (Tex.
 1986).
Utah Zions First Nat'l Bank v. Hurst,
 570 P.2d 1031 (Utah 1977). (Guarantor
 is an obligor under UCC
 definition of debtor).
Vermont Vermont Indus. Dev. Authority v.
 Setze, 157 Vt. 427, 600 A.2d 302
 (Vt.1991).
Virginia Woodward v. Resource Bank, 246
 Va. 481, 436 S.E.2d 613 (Va.1993).
Washington McChord Credit Union v. Parrish,
 61 Wash.App. 8, 809 P.2d 759
 (Wash.Ct.App.1991).
B. Controlling Federal Court Decisions (Because No State Court Decision On Point.)
---------------------------------------------------------------------------------------------------------------------------
State Guarantor is a Debtor Guarantor is NOT a Debtor
---------------------------------------------------------------------------------------------------------------------------
Delaware Rushton v. Shea, 423 F.Supp. 468
 (D.Del.1976).
Kansas United States v. Kelly, 890 F.2d 220
 (10th Cir.1989).
Louisiana United States v. Southern Cycle
 Accessories, Inc., 567 F.2d 296
 (5th Cir.1978).
New Van Dorn Retail Management, Inc.
 Hampshire v. Jim's Oxford Shop, Inc., 874
 F.Supp. 476 (D.N.H.1994).
Tennessee First Heritage Nat'l Bank v. Keith,
 902 F.2d 33 (6th Cir.1990)
 (unpublished).
*402
C. No precedent on the issue.
 ___________________
 Alaska
 ___________________
 Arizona
 ___________________
 Kentucky
 ___________________
 Mississippi
 ___________________
 Nevada
 ___________________
 Oklahoma
 ___________________
 West Virginia
 ___________________
 Wisconsin
 ___________________
 Wyoming
 ___________________
 TOTALS
 ------
 States
Guarantor is debtor 36
(and/or predefault waiver is invalid)
By state court decision 30
By federal court decision 4
(where there is no state court decision)
By majority of courts of appeals 2
(but there is contrary authority)
(Cal. & N.Y.)
Guarantor is not debtor 3
(and/or waiver is valid)
By state court decision 2
By federal court decision 1
Unclear 2
(N.C. and Rhode Island)
Have not spoken 9
 APPENDIX 2
 Cases Superseded by Later Cases
A. Federal Decisions That Are No Longer Valid After Later State Supreme Court
Decisions.[13] *403
-----------------------------------------------------------------------------------------------------------------------------
 Earlier Cited Case No Longer Valid after Later Decision.
-----------------------------------------------------------------------------------------------------------------------------
United States v. H & S Realty Co., 837 F.2d Ford Motor Credit Co. v. Thompson Mach.,
 1 (1st Cir.1987) (Under Maine law, loan Inc., 649 A.2d 19 (Me.1994) (Loan guarantors
 guarantor was able to waive any right it were debtors, cannot waive) (Maine).
 might have had to assert defense of commercial
 unreasonableness in action against
 it to collect deficiency judgment).
First Nat'l Park Bank v. Johnson, 553 F.2d Westmont Tractor Co., 224 Mont. 516, 731
 599 (9th Cir.1977) (Guarantor is not debtor; P.2d 327 (Mont.1986) (A guarantor's predefault
 waiver is enforced) (Montana). waiver is invalid) (Montana).
United States v. Kukowski, 735 F.2d 1057 Dakota Bank & Trust Co., Fargo v. Grinde,
 (8th Cir.1984) (Guarantor is not debtor) 422 N.W.2d 813 (N.D.1988) (Guarantor is
 (North Dakota). debtor (North Dakota).
Chrysler Credit Corp. v. Curley, 753 F.Supp. Woodward v. Resource Bank, 246 Va. 481,
 611 (E.D.Va.1990) (Guarantor is debtor but 436 S.E.2d 613 (Va.1993) (Guarantors of
 may waive) (Virginia). note were "debtors"; waiver invalid) (Virginia).
B. Federal Decisions That Are Invalid After Later State Court of Appeal Decision.
-----------------------------------------------------------------------------------------------------------------------------
 Earlier Cited Cases No Longer Valid After Later Decision.
-----------------------------------------------------------------------------------------------------------------------------
United States v. Meadors, 753 F.2d 590 (7th McEntire v. Indiana Nat'l Bank, 471 N.E.2d
 Cir.1985) (Guarantor has same rights as 1216 (Ind.App. 4th Dist.1985) (Guarantor is
 debtor but may waive) (Indiana). debtor and could not waive) (Indiana).
National Bank of Wash. v. Pearson, 863 Gambo v. Bank of Maryland, 102 Md.App.
 F.2d 322 (4th Cir.1988) (Assuming Guarantor 166, 648 A.2d 1105 (Md.App.1994) (Guarantor
 is debtor, waiver is valid) (Maryland). falls within the definition of "debtor"
 and may not waive) (Maryland).
C. Federal Decision No Longer Valid After Later Federal Decision
-----------------------------------------------------------------------------------------------------------------------------
 Earlier Cited Case No Longer Valid After Later Decision.
-----------------------------------------------------------------------------------------------------------------------------
United States v. Kurtz, 525 F.Supp. 734 Security Pacific Nat'l Bank v. Kirkland, 915
 (E.D.Pa.1981) (Guarantor may be treated F.2d 1236 (9th Cir.1990) (Guarantor is
 as debtor under 9-504(3), but protections Debtor within the meaning of California
 may be waived. Relies on tendency of the Commercial Code Provision requiring secured
 courts to permit SBA loan guarantors to creditor to notify debtor in default of
 waive the protections and California precedent manner in which creditor will dispose of
 which allows guarantors to waive collateral unless, after default, debtor
 Civil Code protection to their security interest). waives that right).
United States v. Frey, 708 F.Supp. 310 Kelley v. United States, 890 F.2d 220 (10th
 (D.Kan.1988) (Guarantors waived defense Cir.1989) (Assuming federal law does not
 of commercial unreasonableness of sale of apply, Kansas law would be interpreted to
 SBA loan collateral securing note when make UCC defense of commercially unreasonable
 guarantors executed unconditional guarantee) sale of collateral available to guarantors,
 (Kansas). as well as debtors and would not
 permit waiver).
United States v. Lowy, 703 F.Supp. 1040 Bank of China v. C.W. Chan, 937 F.2d 780
 (E.D.N.Y.1989) (Guarantor waived right to (2nd Cir.1991) (Under New York UCC,
 commercial reasonableness of sale of debtor's Guarantor is debtor and may not waive
 inventory and to object to lack of bank's obligation to act in commercially
 notice of sale) (New York). reasonable manner).
*404
D. Other
----------------------------------------------------------------------------------------------------------------------------
 Earlier Cited Case No Longer Valid After Later Decision.
-----------------------------------------------------------------------------------------------------------------------------
Mutual Fin. Co. v. Politzer, 21 Ohio St.2d American Seaway Foods, Inc. v. Belden
 177, 256 N.E.2d 606 (Ohio 1970) (Guarantor South Assocs. Ltd. Partnership, 72 Ohio
 is not a debtor and can waive) (Ohio). St.3d 514, 651 N.E.2d 941 (Ohio 1995)
 (Guarantor is debtor and cannot waive)
 (Ohio).
Continental Leasing Corp. v. Lebo, 217 Reuter v. Citizens & Northern Bank, 410
 Pa.Super. 356, 272 A.2d 193 (Pa.Super.Ct.1970) Pa.Super. 199, 599 A.2d 673 (Pa.Super.Ct.1991)
 (Enforced unconditional guarantee (Guarantor is debtor; may
 but did not address whether guarantor challenge commercial reasonableness)
 is debtor) (Pennsylvania). (Pennsylvania).
GREEN, J. (dissenting in part)
I concur with the majority's opinion that the trial court erred in entering final summary judgment against Tropical in this case. However, where it is undisputed that guarantors do not own the secured collateral and the guarantors executed absolute and unconditional contracts of guaranty in favor of the bank, I believe that the guarantors may not properly be deemed "debtors" under the commercial code. The statutory definition of "debtor," found in the code, expressly precludes nonowners of secured collateral from being "debtors" for purposes of the protections contained in section 679.501(3), Florida Statutes (1995). For that reason, as well as the fact that the majority's holding, as to the guarantors, is completely in conflict with our earlier decision in Von Dunser v. Southeast First National Bank of Miami, 367 So.2d 1094 (Fla. 3d DCA 1979), I respectfully dissent.
Under the code, it is certainly true that the right to commercially reasonable disposition of repossessed property cannot be waived, by a "debtor, as a matter of law." See § 679.501(3)(b), Fla. Stat. (1995). The code defines "debtor" as:
the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term `debtor' means the owner of the collateral in any provision of the chapter dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires.
§ 679.105(l)(d), Fla. Stat. (emphasis added). The second sentence of the code's definition of "debtor" specifically deems that only the owner of the collateral can be a "debtor" in any provision of the chapter dealing with the collateral. Section 679.501(3), Florida Statutes, prescribing the commercially reasonable disposition of the collateral, is a provision that expressly and exclusively addresses collateral. Therefore, under the code's expressed definition of "debtor", individuals who do not own the secured collateral, such as the guarantors in this case, simply cannot be deemed debtors, as held by the majority, for purposes of the protections afforded in section 679.501(3).
Moreover, the second sentence of the statutory definition of debtor is clear, unambiguous and all encompassing. Accordingly, the courts of this state are "`without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.'" Oruga Corp., Inc. v. AT & T Wireless of Fla., Inc., 712 So.2d 1141, 1143-44 (Fla. 3d *405 DCA 1998) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)).
Furthermore, careful reading of the text of the definition of debtor, as supplemented by Official Comment 2 to UCC section 9-105, makes clear that the first sentence of the definition refers only to the person who owes the `obligation secured,' and that the second sentence (i) expands the definition to a person who does not owe that obligation but who owns (as opposed to merely having some non-ownership `interest' in) the property that constitutes the collateral (either as an owner who hypothecates his property `for another's debt' or as an owner of property who became such as a transferee of collateral without assuming the debt), and (ii) determines when the term `debtor' refers to a person other than the obligor of the secured obligation, limiting that category to an `owner.'
Thus, a careful reading of the Code would restrict potential inclusion of nonowner guarantors within the definition of debtor to guarantors who owe the `obligation secured.' But the obligation of a guarantor is the obligation contractually undertaken by him or her, a distinct obligation[,] the nature and scope of which is determined by the guarantor's agreement, as given full meaning by the law of suretyship.... There is nothing to suggest that the drafters intended to sweep into the term `debtor' third parties who were not owners of the collateral but whose connection to the secured transaction was related to the debt (not the collateral) and whose undertaking was independent of that of the principal obligor. It is noteworthy that the Official Comment to UCC section 9-105(l)(d) does not refer to a third party obligor who does not own the collateral. (Footnotes omitted) (Emphasis added).
Harry C. Sigman, Guarantors' Pre Default Waivers of Article 0 Debtors Rights to Notice and Commercially Reasonable Disposition Should be Effective, 29 Idaho L.Rev. 627, 636-37 (1992/1993).
The majority's attempt, therefore, to judicially limit this second sentence to a situation where a borrower takes out a loan and a third person puts up the collateral, see Maj. Op. at 395, is simply unavailing. Since Article 9 of the code does not specifically address "guarantors", it is indeed unclear whether a guarantor was ever intended to be included within the meaning of "debtor" when that word appears in Article 9. There has been a split of opinion among the courts of various jurisdictions on this key issue.[14]
*406 Most, but certainly not all, of the courts holding that guarantors may not waive the commercially reasonable disposition of repossessed property under the code, have done so under the assumption that a guarantor is a debtor under Article 9.[15] Thus, these courts have found that the guarantor is afforded the same rights and duties as an Article 9 debtor and accordingly, is precluded from waiving said rights.[16] However some astute legal commentators, point to problems with these courts' inclusion of guarantors within the definition of debtor. One such commentator observes:
[T]he language of [UCC] section 9-105(l)(d) does not entirely support such a construction. The first sentence of the section states that a `debtor' is someone who `owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral.' All guaranty agreements are conditional in one sense: the guarantor owes no payment until the principal/debtor has defaulted. Thus, at the time the guaranty agreement comes into existence, there is no absolute duty of payment on the part of the guarantor.
See Note, The Waiver of Defenses by Guarantors in Guaranty Contracts and the Nonwaiver Provisions of the Uniform Commercial Code, 5 Vt. L.Rev. 73, 88-89 (1980) (footnotes omitted); but see Norton v. National Bank of Commerce of Pine Bluff, 240 Ark. 143, 398 S.W.2d 538 (1966) (holding that "or other performance" includes a conditional duty of payment within the definition of "debtor.").
Indeed, another UCC commentator's response to this language in the code indicates that it was not intended to include a conditional duty of performance:
It is clear that the Code "debtor" must owe something to someone. What *407 he owes will be, of course, a money debt. The suggestion in the definition that he may owe payment or other performance is an illustration of the excessively cautious drafting which mars the Code as a whole, particularly in its definitional sections.
See 1 Grant Gilmore, Security Interests in Personal Property, 303 (1965).
Still another scholar observes that it is questionable whether guarantors were ever intended to receive the nonwaiver protection of UCC section 9-501, because the specific grant of nonwaiver protection to "debtors" found in section 9-501(3) is tied, in comment 4 of section 9-501, to common law equity-of-redemption principles.[17]
The long-standing common law rule against clauses that `clog' a debtor's equity of redemption is for the protection of debtors who are in no position to insist that a creditor omit such clauses from the security agreement at the time it is drafted. Thus, the very essence of section 9-501(3) is a policy against allowing creditors to take unfair advantage of debtors by virtue of the unequal bargaining power almost inevitably enjoyed by creditors.
The interests of a guarantor do not share the same historic concerns that have protected debtors from creditors. A guarantor who assumes liability under a guaranty contract in an attempt to help a friend or relative secure credit for example, is not subject to the coercive pressures of a debtor-creditor relationship. Negligent sale of collateral and its effect upon the guarantor is the real issue to be dealt with in construing waiver-of-defense clauses, not any right based upon equity of redemption principles.
See Note, 5 Vt. L.Rev. at 91-92.
I believe, that guarantors who are not the owners of the secured collateral are not debtors for purposes of section 679.501(3) of the code and that these pre-default waiver provisions, contained in contracts of guaranty, are enforceable by lenders as a matter of law. Indeed, prior to the majority opinion, our district has held so for over twenty years. See Von Dunser, supra.
In Von Dunser, the lender/bank sued the debtor/husband who executed two promissory notes and his estranged wife who was the guarantor. In the guaranty, the wife, among other things, consented to the bank's exchange, surrender, repledge or other dealings with the collateral and waived any notice thereof. Moreover, the contract of guaranty specifically stated, in part, that:
... No act of omission of any kind by the Bank shall affect or impair this *408 guaranty and the Bank shall have no duties to Guarantors. Guarantors hereby agree that their obligations hereunder shall be absolute and primary and shall be complete and binding as to each Guarantor upon this guaranty being executed by him and subject to no conditions precedent or otherwise[.]
367 So.2d at 1096.
The husband defaulted on the notes and the bank filed suit. A default was entered against the husband after he failed to answer. The guarantor wife did answer and, as in this case, she raised the affirmative defense of the bank's unjustifiable impairment of the collateral. Final summary judgment was entered against the guarantor/wife on this affirmative defense. We affirmed, holding the wife's defense to be inadequate in light of her unambiguous waiver of the bank's duties with regard to the repossessed collateral and expressly stated that:
under an absolute and unconditional contract of guaranty, as is the subject matter of this appeal, it is no defense that the creditor has lost security or has been negligent in regard to protection of the collateral.
Id. The majority's refusal to similarly enforce the waiver provisions contained in the absolute and unconditional contracts of guaranty, here, simply cannot be reconciled with our holding in Von Dunser.[18]
Moreover, rather than squarely addressing and/or receding from our holding in Von Dunser, the majority has half-heartedly attempted to distinguish it as "a common-law, non-UCC case" which is inapplicable here. See, Maj. Op. at p. 395. This "distinction" is disingenuine, given the indisputable fact that the UCC, and specifically chapter 679, was in full force and effect at the time that Von Dunser was decided. See § 679.102, Fla. Stat. (1972).[19]See also Rowe v. State, 394 So.2d 1059, 1060 (Fla. 1st DCA 1981) (stating that "[t]he court is presumed to know the existing law and procedures[.]"). Since Mrs. Von Dunser's guarantee with the bank clearly falls within the transactions described in section 679.102, Von Dunser was the authoritative precedent of this district and should have been followed.[20]
Our supreme court has yet to address this issue. To date, the only other Florida decision which has explicitly held that the right to commercially reasonable disposition of repossessed property cannot be waived under section 679.501(3), Florida Statutes by either the principal debtor or the guarantor is Florida First National Bank at Pensacola v. Martin, 449 So.2d 861 (Fla. 1st DCA 1984), disapp'd on other grounds, Weiner v. American Petrofina *409 Marketing, Inc., 482 So.2d 1362 (Fla. 1986).[21] In my view, the holding of Martin suffers from the same infirmities as the majority's holding in this case.
Finally, there are sound and cogent public policy reasons for enforcing waiver provisions contained in the contracts of guaranty. First and foremost, the issue of whether a guarantor is a "debtor" does not appear to have even been considered by the drafters of Article 9 of the UCC.[22] That is reason enough for the courts not to expand its provisions to include guarantors, and is consistent with the UCC's general policy not to displace traditional doctrines of waiver and estoppel unless specified by particular provisions of the UCC. See 1 Anderson, Uniform Commercial Code § 1-103:69 (3d ed. 1985) ("The Code does not displace the prior principles of law governing waiver.").
Next, courts should be particularly vigilant about creating unwarranted restrictions on the freedom to contract. See, e.g., National Acceptance Co. of Am. v. Wechsler, 489 F.Supp. 642, 648 (N.D.Ill.1980) (explaining that guaranty agreements which provide the lender with a ready source from which it can collect in the event of default by the debtor facilitate the issuance of loans); United States v. Lowy, 703 F.Supp. 1040, 1044 n. 5 (E.D.N.Y.1989) (citing by analogy to United States v. Kimbell Foods, Inc., 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979) for the proposition that absent legislative warrant, courts should be reluctant to alter workable commercial practices).
A third policy reason for permitting a pre-default waiver by guarantor is the fact that guarantors generally have a lesser interest in the collateral then does the primary debtor, thus, they do not need the protection of section 9-501(3) [section 679.501(3)] as they are more likely than debtors to enter into contracts with their eyes open. See First Nat'l Park Bank v. Johnson, 553 F.2d 599, 602 (9th Cir.1977) (stating that upholding a guarantor's waiver will not deprive the principal debtor of section 9-504(3) protection); United States v. H & S Realty Co., 837 F.2d 1, 2 (1st Cir.1987) (noting that the UCC policy of debtor protection is not contravened by a guarantor's waiver because the case of a guarantor is "one step removed from the debtor and the UCC policy").
Finally, and equally persuasive, is the notion that because the secured creditor's actions toward the debtor are already restricted and kept in check in UCC section 9-501 [section 679.501], a nonwaivability rule applied to guarantors provides little added protection. As the district court in United States v. H & S Realty Co., 647 F.Supp. 1415 (D.Me.1986), explained:
The Court recognizes that the general purpose of section 9-504(3) protection is to prevent the economic waste that would result from commercially unreasonable dispositions of collateral and/or dispositions without notice to those legally interested in that collateral. Because the debtor will most frequently be legally interested in the collateral, section 9-501(3)(b) creates a prophylactic nonwaivability rule to protect all debtors from such dispositions. In other words, the UCC through the nonwaivability rule in effect appoints the debtor, as the party with the greatest incentive to ensure *410 a commercially reasonable disposition of the collateral, to guard against economic waste. That function being fulfilled, there is no need for a nonwaivability rule applicable to guarantors as well.
Id. at 1423.
Thus, in the absence of explicit UCC or statutory direction to the contrary, I would hold that the right to notice and/or the right to object to the commercial reasonableness of the collateral disposition as contained in section 679.501 does not apply to guarantors who do not own the collateral. In this case, it is undisputed that Tropical, and not the individual appellant guarantors, is the owner of the collateral. As such, I believe that the anti-waiver provisions contained in section 679.501 are inapplicable to these individual guarantors and their affirmative defenses as to the commercial reasonableness of the disposition of the collateral are unavailable to them as a matter of law, given their expressed waivers contained in the contracts of guaranty. See Von Dunser, 367 So.2d at 1095-96. Moreover, "in the absence of any evidence in this record to indicate that these individual guarantors did not knowingly and voluntarily agree to the waiver provisions contained in the contracts of guaranty, I believe that summary judgment was properly entered against them and in favor of the bank."[23]
SCHWARTZ, C.J., and GERSTEN, J., concur.
NOTES
[1] Subsection 679.504(3) provides in relevant part that:

Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms, but every aspect of the disposition including the method, manner, time, place, and terms must be commercially reasonable.
(Emphasis added).
[2] Section 679.501 provides in pertinent part that:

(3) To the extent that they give rights to the debtor and impose duties on the secured party, the rules stated in the subsections referred to below may not be waived or varied [with exceptions not applicable here]:
. . . .
(b) Sections 679.504(3) and 679.505(1) which deal with disposition of collateral[.]
(Emphasis added).
[3] The guarantees state, in part:

The undersigned specifically waives any notice in connection with the disposition of any collateral securing the obligations of the Debtor including but not limited to notice of date, time or place of sale or any other notice to which the undersigned might be entitled under the Uniform Commercial Code or under any other applicable Statutes and, further, the undersigned waives its right to object to the commercial reasonableness of any sale or disposition of collateral.
(Emphasis added).
[4] The full definition is:

"Debtor" means the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, and includes the seller of accounts or chattel paper. Where the debtor and the owner of the collateral are not the same person, the term "debtor" means the owner of the collateral in any provision of the chapter dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires[.]
§ 679.105(1)(d), Fla. Stat. (1995).
[5] In Landmark First Nat'l Bank v. Gepetto's Tale O' The Whale, 498 So.2d 920 (Fla.1986), the Florida Supreme Court said that a guarantor is entitled to have a commercially reasonable sale, but there is no indication the waiver issue now before us was raised in that case. See id. at 922.
[6] $10,000 loan balance minus $1,000 received by bank = $9,000 deficiency.
[7] In Florida, the quoted language is in comment 4 to section 679.501, Florida Statutes, reprinted in 19C Fla. Stat. Ann. 365 (1990).
[8] We have counted California and New York as following the majority rule, although each state has contrary authority.
[9] This likewise renders academic the guarantors' arguments pertaining to a deficiency judgment.
[10] Unless otherwise indicated, each cited case holds that a guarantor IS a debtor.
[11] Unless otherwise indicated, each cited case holds that a guarantor is NOT a debtor.
[12] Published trial court decisions. No appellate UCC decision was located.
[13] This table addresses cases cited in the dissent. We have not attempted an independent survey of all federal authority on this issue.
[14] The majority of the federal courts, as well as some state courts, take the position that, as at common law, guarantors differ from debtors, and the defenses of notice and commercial reasonableness may be waived notwithstanding the provisions of UCC section 9-501(3). See, e.g., National Bank of Wash. v. Pearson, 863 F.2d 322 (4th Cir.1988) (deferring to state and district courts' interpretation of Maryland's Uniform Commercial Code); United States v. New Mexico Landscaping, Inc., 785 F.2d 843 (10th Cir.1986) (relying on American Bank of Commerce v. Covolo, 88 N.M. 405, 540 P.2d 1294 (1975)); United States v. Meadors, 753 F.2d 590 (7th Cir.1985) (Indiana's Uniform Commercial Code); United States v. Lattauzio, 748 F.2d 559 (10th Cir.1984) (New Mexico's Uniform Commercial Code); United States v. Kukowski, 735 F.2d 1057 (8th Cir.1984) (applying UCC as rule of federal law); United States v. Jones, 707 F.2d 1334 (11th Cir.1983); United States v. Southern Cycle Accessories, Inc., 567 F.2d 296 (5th Cir.1978) (federal common law); United States v. Bertie, 529 F.2d 506 (9th Cir.1976) (federal common law); Bank of N.J. v. Heine, 464 F.2d 1161 (3d Cir.1972) (New Jersey's Uniform Commercial Code); Chrysler Credit Corp. v. Curley, 753 F.Supp. 611 (E.D.Va.1990) (Virginia's Uniform Commercial Code); United States v. Frey, 708 F.Supp. 310 (D.Kan.1988); United States v. Kurtz, 525 F.Supp. 734 (E.D.Pa.1981); First City Div. of Chase Lincoln First Bank, N.A. v. Vitale, 123 A.D.2d 207, 510 N.Y.S.2d 766 (1987); Mutual Finance Co. v. Politzer, 21 Ohio St.2d 177, 256 N.E.2d 606 (1970); Continental Leasing Corp. v. Lebo, 217 Pa.Super. 356, 272 A.2d 193 (1970).

A substantial number of state courts have reached the opposite result. See, e.g., Mendelson v. Maplewood Poultry Co., 684 F.2d 180 (1st Cir.1982) (federal common law); United States v. Conrad Publishing Co., 589 F.2d 949 (8th Cir.1978) (federal common law and North Dakota's Uniform Commercial Code); United States v. Terrey, 554 F.2d 685 (5th Cir.1977) (Texas' Uniform Commercial Code); United States v. Hunter, 652 F.Supp. 774 (D.Kan.1986); United States v. Lang, 621 F.Supp. 1182 (D.Vt.1985); Ford Motor Credit Co. v. Lototsky, 549 F.Supp. 996 (E.D.Pa. 1982) (Pennsylvania Uniform Commercial Code); Commercial Discount Corp. v. King, 515 F.Supp. 988 (N.D.Ill.1981); Prescott v. Thompson Tractor Co., Inc., 495 So.2d 513 (Ala.1986); Connolly v. Bank of Sonoma County, 184 Cal.App.3d 1119, 229 Cal.Rptr. 396 (1986); First Nat'l Bank of Denver v. Cillessen, 622 P.2d 598 (Colo.Ct.App.1980); Savings Bank of New Britain v. Booze, 34 Conn.Supp. 632, 382 A.2d 226 (App.Ct.1977); Florida First Nat'l Bank at Pensacola v. Martin, 449 So.2d 861 (Fla. 1st DCA 1984); Branan v. Equico Lessors, Inc., 255 Ga. 718, 342 S.E.2d 671 (1986); Liberty Bank v. Honolulu Providoring Inc., 65 Haw. 273, 650 P.2d 576 (1982); United States v. Jensen, 418 N.W.2d 65 (Iowa 1988); Shawmut Worcester County Bank, N.A. v. Miller, 398 Mass. 273, 496 N.E.2d 625 (1986); Clune Equip. Leasing Corp. v. Spangler, 615 S.W.2d 106 (Mo.Ct. App.1981); Dakota Bank & Trust Co., Fargo v. Grinde, 422 N.W.2d 813 (N.D.1988); Peck v. Mack Trucks, Inc., 704 S.W.2d 583 (Tex.App. 1986).
[15] See, e.g., Norton v. National Bank of Commerce of Pine Bluff, 240 Ark. 143, 398 S.W.2d 538 (1966); Barnett v. Barnett Bank of Jacksonville, 345 So.2d 804 (Fla. 1st DCA 1977); Bank of Gering v. Glover, 192 Neb. 575, 223 N.W.2d 56 (1974); T & W Ice Cream, Inc. v. Carriage Barn, Inc., 107 N.J.Super. 328, 258 A.2d 162 (1969); Chase Manhattan Bank v. Natarelli, 93 Misc.2d 78, 401 N.Y.S.2d 404 (N.Y.Sup.Ct.1977); Zions First Nat'l Bank v. Hurst, 570 P.2d 1031 (Utah 1977).
[16] See generally Sigman, 29 Idaho L.Rev. 627.
[17] The official comments to section 9-501 provide:

4. Section 1-102(3) states rules to determine which provisions of this Act are mandatory and which may be varied by agreement. In general, provisions which relate to matters which come up between immediate parties may be varied by agreement. In the area of rights after default our legal system has traditionally looked with suspicion on agreements designed to cut down the debtor's rights and free the secured party of his duties: no mortgage clause has ever been allowed to clog the equity of redemption. The default situation offers great scope for overreaching; the suspicious attitude of the courts has been grounded in common sense.
Subsection (3) of this section contains a codification of this long-standing and deeply rooted attitude: the specific rights of the debtor and duties of the secured party may not be waived or varied except as stated. Provisions not specified in subsection (3) are subject to the general rules stated in Section 1-102(3).
UCC § 9-501, cmt. 4 (1972).
[18] Indeed, the lower court relied upon Von Dunser in granting final summary judgment in the bank's favor.
[19] This section provides in pertinent part that:

(1) Except as otherwise provided in s. 679.104 [irrelevant to both Von Dunser and the case here], this chapter applies:
(a) To any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper, or accounts; and also
(b) To any sale of accounts or chattel paper
* * *
(3) The application of this chapter to a security interest in a secured obligation is not effected by the fact that the obligation is itself secured by a transaction or interest to which this chapter does not apply.
[20] The majority's failure to recede from Von Dunser, leaves this district with two diametrically opposed opinions as to whether a guarantor can waive the right to complain about the "commercial reasonableness" of the disposal of non-owned collateral.
[21] In Barnett Bank of Tallahassee v. Campbell, 402 So.2d 12 (Fla. 1st DCA 1981), the first district held that the failure of a secured party to give the requisite notice, prior to a sale or disposition of collateral, precluded an action for deficiency against the guarantor and intimated in dicta that a pre-default waiver by a guarantor was invalid.
[22] See, Sigman, 29 Idaho L.Rev. at 637.
[23] In affirming the summary judgment as to the individual guarantors, I would certify conflict with Florida First National Bank at Pensacola v. Martin, 449 So.2d 861 (Fla. 1st DCA 1984).